UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIC OLMSTEAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIOVIE INC., CUONG DO, JOANNE WENDY KIM, and JOSEPH PALUMBO,<br><br>Defendants. | Case No. 3:24-cv-00035-LRH-CSD<br><br>ORDER |
| MATTHEW WAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIOVIE INC., CUONG DO, JOANNE WENDY KIM, and JOSEPH PALUMBO,<br><br>Defendants. | Case No. 2:24-cv-00361-LRH-CSD |

Before the Court are six pending motions to consolidate, to appoint as lead plaintiff, and to approve selection of lead counsel in Case No. 3:24-cv-00035-LRH-CSD filed by the following interested parties: Anthony W. Rinaldi ("Dr. Rinaldi") (ECF No. 6); Ernest Strauch (ECF No. 7); Robert Figueroa (ECF No. 9); Michael D. Hart (ECF No. 11); BioVie Investors Group (ECF No. 13); and Brian Do (ECF No. 14). Also before the Court are four pending motions to consolidate, to appoint as lead plaintiff, and to approve selection of lead counsel in Case No. 2:24-cv-00361-LRH-CSD filed by the following interested parties: Ernest Strauch (ECF No. 10); Robert Figueroa (ECF No. 12); BioVie Investors Group (ECF No. 14); and Brian Do (ECF No. 15).

1

Specifically at issue in this Order is Dr. Rinaldi's motion to consolidate, for appointment as lead plaintiff, and approval of selection of counsel in Case No. 3:24-cv-00035-LRH-CSD ("Dr. Rinaldi's Motion"). ECF No. 6. Dr. Rinaldi also filed a memorandum of points and authorities in further support of his motion in Case No. 3:24-cv-00035-LRH-CSD. ECF No. 25. After reviewing Dr. Rinaldi's Motion, each interested party and entity that filed a competing motion in Case No. 3:24-cv-00035-LRH-CSD filed a non-opposition or a non-opposition response to Dr. Rinaldi's Motion. *See* ECF Nos. 16, 19, 24, 23, 26. In Case No. 2:24-cv-00361-LRH-CSD, Ernest Strauch and BioVie Investors Group filed non-oppositions to Dr. Rinaldi's Motion, *see* ECF Nos. 17, 23, while Robert Figueroa and Brian Do did not respond. Defendants in each matter BioVie Inc., Cuong Do, Joanne Wendy Kim, and Joseph Palumbo (collectively, "Defendants"), filed statements in non-opposition in response to the motions in each case. *See* ECF Nos. 20, 20.

Subsequently, Dr. Rinaldi filed a notice of unopposed motion in Case No. 3:24-cv-00035-LRH-CSD. ECF No. 29. For the reasons articulated herein, the Court grants Dr. Rinaldi's Motion as follows: the above captioned matters are consolidated, Dr. Rinaldi is appointed Lead Plaintiff of the consolidated matter, and Levi & Korsinsky, LLP is appointed Lead Counsel while Aldrich Law Firm, Ltd. is appointed Liaison Counsel for the consolidated matter.

## I.    DISCUSSION

These matters concern a federal securities class action by purchasers of BioVie securities between August 5, 2021, and November 29, 2023 (the "Class Period"). Case No. 3:24-cv-00035-LRH-CSD, ECF No. 1 at 2; Case No. 2:24-cv-00361-LRH-CSD, ECF No. 1 at 2. Plaintiffs allege that they purchased BioVie securities during the Class Period at prices artificially inflated by Defendants' false statements, misrepresentations, or material omissions and seek to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

### A.    The Actions are Consolidated.

The procedural histories of these two matters are instructive. Case No. 3:24-cv-00035-LRH-CSD was filed on January 19, 2024, and randomly assigned to United States District Judge Larry R. Hicks and Magistrate Judge Craig S. Denney. Case No. 2:24-cv-00361-JCM-EJY was

2

filed on February 22, 2024, and originally assigned to United States District Court Judge James C. Mahan and Magistrate Judge Elayna J. Youchah. Soon after that case was filed, District Judge Mahan recused, and the matter was reassigned to United States District Judge Gloria M. Navarro as Case No. 2:24-cv-00361-GMN-EJY. On March 27, 2024, District Judge Navarro and District Judge Hicks issued a reassignment order in which District Judge Navarro's matter was reassigned to District Judge Hicks pursuant to Local Rule 42-1. Case No. 3:24-cv-00035-LRH-CSD, ECF No. 15; Case No. 2:24-cv-00361-LRH-CSD, ECF No. 16. The Clerk of the Court changed the file and dockets to reflect this reassignment which resulted in Case No. No. 2:24-cv-00361-LRH-CSD. As a result, Case No. 3:24-cv-00035-LRH-CSD and Case No. 2:24-cv-00361-LRH-CSD are currently pending before this Court.

Under Federal Rule of Civil Procedure 42(a), a presiding court may order actions consolidated when the actions "involve a common question of law or fact[.]" Fed. R. Civ. P. 42(a). District courts "have broad discretion under this rule to consolidate cases pending in the same district[.]" *Investors Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Moreover, under this district's Local Rule 42-1(b), a court may consolidate actions *sua sponte*. LR 42-1(b). In determining whether to consolidate, district court's in the Ninth Circuit commonly "weigh the interest of judicial convenience against the potential for delay, confusion[,] and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. Jan. 27, 2010) (citation omitted). Here, there is no question that Case No. 3:24-cv-00035-LRH-CSD and Case No. 2:24-cv-00361-LRH-CSD involve common questions of law and fact. Each matter is premised upon Plaintiffs' purchase of BioVie securities during the Class Period and each matter alleges that Defendants' conduct violated the Exchange Act. The similarity and likeness of these cases is further exhibited by the parties' agreement on the issue. Nearly every interested party has either motioned the Court to consolidate the cases, filed a non-opposition to consolidation of the cases, or expressly supported consolidation of the cases.

The interest of judicial convenience, when weighed against the potential for delay, confusion, and prejudice, favors consolidation here. Moreover, the two cases share common questions of law and fact. Accordingly, the Court grants Dr. Rinaldi's Motion to consolidate

pursuant to Fed. R. Civ. P. 42(a). *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. Oct. 6, 2015) (stating that the consolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate). The two cases are hereby consolidated, and the consolidated matter shall bear the following case name and number: *In Re BioVie Inc. Securities Litigation*, Case No. 3:24-cv-00035-LRH-CSD. As a result of consolidation, every pleading filed in the Consolidated Action shall bear the following caption:

| IN RE BIOVIE INC. SECURITIES LITIGATION | Case No. 3:24-cv-00035-LRH-CSD |
| --- | --- |

### B.    Dr. Rinaldi is Appointed Lead Plaintiff.

The procedure for appointing lead plaintiffs in securities class actions is established in the Exchange Act as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA"). The PSLRA instructs a determining court to appoint the lead plaintiff who is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). As stated in the PSLRA, the person or entity that most adequately represents the interests of the class members is the one with the "largest financial interest in the relief sought by the class" and the one who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, there is no question that Dr. Rinaldi has the largest financial interest in the relief sought by the class. In the Ninth Circuit, district courts routinely rely on approximate losses, amongst other things, when comparing financial interests in the lead plaintiff context. *See, e.g., Knox*, 136 F. Supp. 3d at 1163. Dr. Rinaldi's financial loss is the largest loss sustained by any lead plaintiff movant in this matter. Moreover, each competing lead plaintiff movant here acknowledges that Dr. Rinaldi's financial interest is the largest in both matters as evidenced by their non-oppositions and responses to his motion. For these reasons, the Court finds that Dr. Rinaldi has the largest financial interest in the relief sought by the class.

As previously noted, the most adequate plaintiff is the person or entity who not only has the largest financial interest but also satisfies the requirements of Fed. R. Civ. P. 23. *See In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). Under Rule 23, a party may serve as a class

representative if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23. "When selecting lead plaintiffs and approving selection of counsel, the [c]ourt focuses on whether the movants seeking to be named as lead plaintiffs satisfy the 'typicality' and 'adequacy' prerequisites to class certification." *Daniels Fam. 2001 Revocable Tr. v. Las Vegas Sands Corp.*, Case No. 2:20-CV-01958-GMN-EJY, 2021 WL 41301, at *2 (D. Nev. Jan. 5, 2021) (citing *In re Cavanaugh*, 306 F.3d at 730); *see also Ali v. Intel Corp.*, Case No. 18-CV-00507-YGR, 2018 WL 2412111, at *2, 3 (N.D. Cal. May 29, 2018). The inquiry here then is only whether Dr. Rinaldi as proposed lead plaintiff has made "at least a preliminary showing that [he] meets the typicality and adequacy" requirements of Rule 23. *Zhu*, 682 F.Supp.2d at 1053 (internal citation omitted).

Here, Dr. Rinaldi has made a preliminary showing that he meets the typicality and adequacy requirements of Rule 23. Whether a lead plaintiff's claims are typical of the class's claims depends on "whether other members have the same or similar injury, whether the action is based on conduct, which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotations omitted). Dr. Rinaldi's claims are typical of the other class members' claims because he alleges that he purchased BioVie securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions, just as other class members claim. Additionally, Dr. Rinaldi has sustained the same or similar injury as other members of the class by the same alleged conduct of the Defendants. Thus, Dr. Rinaldi's claims meet the typicality requirement of Rule 23.

Regarding adequacy, a lead plaintiff must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). The focuses of an adequacy determination by a district court are "(1) whether the interests of the class representative coincide with those of the class, and (2) whether the class representative has the ability to prosecute the action vigorously." *Daniels*, 2021 WL 41301, at *2 (citing and quoting *Stocke v. Shuffle Master, Inc.*, Case No. 2:07-CV-00715-

KJD-RJJ, 2007 WL 4262723, at *3 (D. Nev. Nov. 30, 2007)). Here, Dr. Rinaldi has demonstrated that his interests coincide with the interests of the class as each seeks remedies for alleged wrongs that stem from similar questions of facts and law. Dr. Rinaldi's personal interest in reaching a resolution of the newly consolidated matter then aligns with the purported class's interest in the same. Second, Dr. Rinaldi has shown that he is able to prosecute the action vigorously as he has: (1) selected qualified counsel with substantial experience in litigating securities class actions; (2) the largest financial interest in the action; (3) background knowledge of litigation; and (4) represented that he understands the obligations of a PSLRA class action lead plaintiff.

The Court finds that Dr. Rinaldi is the most adequate plaintiff to represent the purported class in the consolidated matter for the following reasons: he has the largest financial interest in the relief sought by the purported class; he has made a preliminary showing that his claims are typical of the claims of the purported class; and he has made a preliminary showing that he will fairly and adequately protect the interests of the purported class. Lastly, no competing lead plaintiff movant has claimed or made a preliminary showing that Dr. Rinaldi "will not fairly or adequately protect the interests of the class" or that he is "incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). As such, no purported class member has moved to rebut the presumption that Dr. Rinaldi is the most adequate member of the class to be named lead plaintiff. Accordingly, Dr. Rinaldi is appointed Lead Plaintiff of the consolidated matter.

### C. Levi & Korsinsky, LLP is Appointed Lead Counsel and Aldrich Law Firm, Ltd. is Appointed Liaison Counsel.

After the Court selects a lead plaintiff in a class action, the PSLRA states that the lead plaintiff "shall … select and retain counsel to represent the class," the selection of which is subject to the court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Approval of the lead plaintiff's counsel selection is at the discretion of the court. *Daniels*, 2021 WL 41301, at *3 (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. Sep. 3, 1999)). Moreover, a court should only interfere with the lead plaintiff's counsel selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). In his motion, Dr. Rinaldi selects Levi & Korsinsky, LLP for appointment as Lead Counsel and Aldrich Law Firm, Ltd. for appointment as Liaison

Counsel. ECF No. 6 at 15. Dr. Rinaldi's selected firms are capable of serving in their respective roles. Each firm has substantial and proven experience in securities class actions. Accordingly, the Court grants Dr. Rinaldi's request for approval of counsel and appoints Levi & Korsinsky, LLP as Lead Counsel and Aldrich Law Firm, Ltd. as Liaison Counsel for the consolidated matter.

## II.    CONCLUSION

IT IS THEREFORE ORDERED that Dr. Rinaldi's motion to consolidate, to appoint as lead plaintiff, and to approve selection of lead counsel in Case No. 3:24-cv-00035-LRH-CSD (ECF No. 6) is **GRANTED**. The Clerk of the Court is directed to consolidate *Olmstead v. BioVie Inc., et al.*, Case No. 3:24-cv-00035-LRH-CSD, and *Way v. BioVie Inc., et al.*, Case No. 2:24-cv-00361-LRH-CSD, into one matter bearing the following name and case number: *In Re BioVie Inc. Securities Litigation*, Case No. 3:24-cv-00035-LRH-CSD. All future filings shall be filed under *In Re BioVie Inc. Securities Litigation*, Case No. 3:24-cv-00035-LRH-CSD. Dr. Rinaldi is appointed Lead Plaintiff for the newly consolidated federal securities class action matter, *In Re BioVie Inc. Securities Litigation*, Case No. 3:24-cv-00035-LRH-CSD, and Levi & Korsinsky, LLP is appointed Lead Counsel and Aldrich Law Firm, Ltd. is appointed Liaison Counsel.

IT IS FURTHER ORDERED that the following motions to consolidate, to appoint as lead plaintiff, and to approve selection of lead counsel in *Olmstead v. BioVie Inc., et al.*, Case No. 3:24-cv-00035-LRH-CSD, case are **DENIED as moot**: ECF Nos. 7, 9, 11, 13, and 14.

IT IS FURTHER ORDERED that the following motions to consolidate, to appoint as lead plaintiff, and to approve selection of lead counsel in *Way v. BioVie Inc., et al.*, Case No. 2:24-cv-00361-LRH-CSD, case are **DENIED as moot**: ECF Nos. 10, 12, 14, and 15.

IT IS FURTHER ORDERED that this Order be published in each of the pre-consolidated cases: *Olmstead v. BioVie Inc., et al.*, Case No. 3:24-cv-00035-LRH-CSD, and *Way v. BioVie Inc., et al.*, Case No. 2:24-cv-00361-LRH-CSD.

IT IS SO ORDERED.

DATED this 15th day of April, 2024.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE