Patrick G. Byrne (Nevada Bar #7636)
Bradley T. Austin, Esq. (Nevada Bar #13064)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Tel.  702.784.5200
Fax.  702.784.5252
Email: pbyrne@swlaw.com
         baustin@swlaw.com

Douglas W. Greene (admitted *pro hac vice*)
Genevieve G. York-Erwin (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone:  212.589.4200
Email: dgreene@bakerlaw.com
         gyorkerwin@bakerlaw.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE BIOVIE INC. SECURITIES LITIGATION | Case No. 3:24-cv-00035-MMD-CSD<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT** |

SNELL & WILMER
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY
SUITE 1100
LAS VEGAS, NEVADA 89169

Defendants BioVie Inc. ("BioVie" or the "Company"), Cuong Do, and Joseph Palumbo (collectively, the "Defendants") hereby request that the Court consider certain documents incorporated by reference into Plaintiffs' Amended Complaint ("AC"; Dkt. #37) and/or take judicial notice of certain materials submitted in support of Defendants' Motion to Dismiss the AC ("Motion to Dismiss"), attached as Exhibits 1 through 26 to the Declaration of Genevieve G. York-Erwin, Esq. ("York-Erwin Declaration" or "York-Erwin Decl.") and filed concurrently herewith in Appendix volumes I through III, and/or referenced below and in Defendants' Motion to Dismiss.

## ARGUMENT

The Supreme Court has interpreted the substantive federal securities laws as requiring courts to consider carefully the full factual context when deciding motions to dismiss putative securities class actions. In *Tellabs*, the Court held that in determining whether a plaintiff has pleaded the requisite "strong inference" of scienter for a claim under Section 10(b) of the Exchange Act,[1] "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Likewise, in *Omnicare*, the Court reached a similar conclusion with respect to the element of falsity, holding that this too requires courts to consider not only the full statement being challenged and the context in which it was made, but also other statements made by the company and other publicly available information, including the customs and practices of the relevant industry. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015) (whether a statement is false or misleading "always depends on context" and requires consideration of, among other things, "all its

[1] Defined terms herein have the same meaning as in the Defendants' Motion to Dismiss filed concurrently herewith.

SNELL & WILMER
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY
SUITE 1100
LAS VEGAS, NEVADA 89169

surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry").[2]

Under *Omnicare* and *Tellabs*, the elements of falsity and scienter cannot properly be analyzed without reference to the full context in which the challenged statements were made. As set forth below, it is appropriate for the Court to consider the exhibits attached to the York-Erwin Declaration and/or referenced below, because each is incorporated by reference into the AC and/or is a proper subject of judicial notice.

## I.      THE COURT SHOULD CONSIDER THE FULL TEXT OF DOCUMENTS INCORPORATED BY REFERENCE INTO THE AC.

The Ninth Circuit has consistently held that in deciding a motion to dismiss, courts may consider a document "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id*. It allows courts to consider the full text of incorporated documents, "including portions which were not mentioned in the complaint[]," in order to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Orexigen*, 899 F.3d at 1002.

As the Ninth Circuit recently affirmed, to the extent an incorporated document contradicts conclusory allegations in the complaint, courts need not take those allegations as true. *See In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) ("When a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated

---

[2] *Omnicare* applies to Exchange Act Claims. *See, e.g., Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1189 (9th Cir. 2021).

by reference in the complaint, or subject to judicial notice, those specific facts are controlling."); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (defendants may "us[e] the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's conclusory allegations"); *Philco Invs., Ltd. v. Martin*, No. C 10-02785 CRB, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) ("A court need not accept as true allegations in the Complaint that are contradicted by exhibits" incorporated by reference); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

Consideration of documents incorporated by reference is particularly important in putative securities class actions where the substantive securities laws require courts to consider the full context in which each challenged statement was made when deciding whether it is sufficiently alleged to have been materially false or misleading, or made with scienter. *See Omnicare*, 575 U.S. at 190 (whether a statement was false or misleading "always depends on context"); *Tellabs*, 551 U.S. at 323-34 (courts must consider variety of materials when weighing competing inferences to determine whether plaintiff has pleaded a "strong inference" of scienter); *Kang v. PayPal Holdings, Inc.*, No. 21-cv-06468-CRB, 2022 WL 3155241, at *7 (N.D. Cal. Aug. 8, 2022) ("[I]ncorporation by reference . . . is necessary to assess the veracity of the challenged statement in context[.]").

Accordingly, when deciding motions to dismiss securities class action complaints, courts in the Ninth Circuit routinely consider a variety of materials that have been incorporated by reference—filings with the Securities and Exchange Commission ("SEC"), press releases, transcripts of earnings/conference calls, investor presentations, etc. *See, e.g.*, *Orexigen*, 899 F.3d at 1003-07 (considering registration statement, analyst report, and other materials incorporated by

reference into securities complaint); *In re Stac*, 89 F.3d at 1405 n.4 (considering full text of prospectus incorporated by reference, "including portions which were not mentioned in the complaints"); *Ezzes v. Vintage Wine Ests., Inc.*, 2024 WL 895018, at *2 n.2 (D. Nev. Mar. 1, 2024) ("The Court considers the entirety of the Form 10-Qs provided by Defendants under the incorporation by reference doctrine" as "the documents form the basis of Plaintiffs' claims"); *Ferris v. Wynn Resorts Ltd.*, 462 F. Supp. 3d 1101, 1117 (D. Nev. 2020) (considering SEC filings, matters of public record, and news articles that were "excerpted or referenced in Plaintiffs' Amended Complaint"); *In re Allied Nevada Gold Corp.*, No. 3:14-cv-00175-LRH-WGC, 2016 WL 4191017, at *3 (D. Nev. Aug. 8, 2016) (considering SEC filings, earnings call transcripts, and press releases incorporated by reference into securities complaint).

Accordingly, Defendants respectfully request that the Court consider the following documents, each of which forms the basis of Plaintiffs' claims and/or is incorporated by reference into the AC:

1.    **Exhibit 1**: BioVie's 2023 Form 10-K, filed with the SEC on August 16, 2023. The 2023 Form 10-K is quoted and referenced in ¶¶ 98-107 of the AC. The AC asserts that the 2023 Form 10-K contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

2.    **Exhibit 2**: BioVie's Form 8-K, filed with the SEC on December 7, 2022, and the Investor Presentation and Letter to Shareholders attached thereto. The December 7, 2022 Investor Presentation is quoted and referenced in ¶¶ 76-77 of the AC. The December 7, 2022 Letter to Shareholders is quoted and referenced in ¶¶ 72-75 of the AC. The AC asserts that the December 7, 2022 Investor Presentation and the December 7, 2022 Letter to Shareholders contained allegedly false and misleading statements that form the basis of

Plaintiffs' claims.

3.  **Exhibit 3**: BioVie's Letter to Shareholders, issued July 18, 2023. The July 18, 2023 Letter to Shareholders is quoted and referenced in ¶¶ 96-97 of the AC. The AC asserts that the July 18, 2023 Letter to Shareholders contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

4.  **Exhibit 6**: Transcript of BioVie's conference call held on November 1, 2023. The November 1, 2023 conference call is quoted and referenced in ¶¶ 113-16 of the AC. The AC asserts that the November 1, 2023 conference call contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

5.  **Exhibit 12**: BioVie's Press Release, issued March 2, 2023. The March 2, 2023 Press Release is quoted and referenced in ¶¶ 84-86 of the AC. The AC asserts that the March 2, 2023 Press Release contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

6.  **Exhibit 13**: Transcript of BioVie's Phase 3 topline readout conference call held on November 29, 2023. The November 29, 2023 conference call is quoted and referenced in ¶¶ 63-70, and 125 of the AC and forms the basis of Plaintiffs' claims.

7.  **Exhibit 14**: BioVie's Form 8-K, filed with the SEC on November 29, 2023, and the Press Release and Investor Presentation attached thereto. The November 29, 2023 Form 8-K is quoted and referenced in ¶¶ 61-62, and 144 of the AC. The AC asserts that the November 29, 2023 Form 8-K constitutes one of the allegedly corrective disclosures that form the basis of Plaintiffs'

5

claims.

8.    **Exhibit 15**: BioVie's Form 8-K, filed with the SEC on October 25, 2023, and the Press Release attached thereto. The October 25, 2023 Press Release is quoted and referenced in ¶¶ 111-12 of the AC. The AC asserts that the October 25, 2023 Press Release contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

9.    **Exhibit 17**: BioVie's Form 10-Q, filed with the SEC on November 8, 2023. The November 2023 10-Q is quoted and referenced in ¶¶ 56, 57, 143, and 145 of the AC. The AC asserts that the November 2023 10-Q constitutes a partial, allegedly corrective disclosure that forms the basis of Plaintiffs' claims.

10.    **Exhibit 22**: BioVie's Form 10-Q, filed with the SEC on February 10, 2023. The February 2023 10-Q is quoted and referenced in ¶¶ 78-83 of the AC. The AC asserts that the February 2023 Form 10-Q contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

11.    **Exhibit 23**: BioVie's Form 8-K, filed with the SEC on March 23, 2023, and the Investor Presentation attached thereto. The March 23, 2023 Investor Presentation is quoted and referenced in ¶¶ 87-92 of the AC. The AC asserts that the March 23, 2023 Investor Presentation contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

12.    **Exhibit 24**: BioVie's Form 10-Q, filed with the SEC on May 12, 2023. The May 2023 10-Q is quoted and referenced in ¶¶ 93-95 of the AC. The AC asserts that the May 2023 10-Q contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

SNELL & WILMER
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY
SUITE 1100
LAS VEGAS, NEVADA 89169

13. **Exhibit 25**: BioVie's Form 8-K, filed with the SEC on September 8, 2023, and the Investor Presentation attached thereto. The September 8, 2023 Investor Presentation is quoted and referenced in ¶¶ 108-10 of the AC. The AC asserts that the September 8, 2023 Investor Presentation contained allegedly false and misleading statements that form the basis of Plaintiffs' claims.

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS AND OTHER PUBLICLY AVAILABLE MATERIALS

### A. SEC Filings

A court ruling on a motion to dismiss may also properly consider documents subject to judicial notice under Federal Rule of Evidence 201(b). A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Judicial notice of BioVie's SEC filings is appropriate because their contents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and because they are required by law to be filed with the SEC, thus there can be no serious question as to their authenticity. For these reasons, courts in the Ninth Circuit routinely take judicial notice of SEC filings when deciding motions to dismiss. *See, e.g.*, *Alpha Venture Cap. Partners LP v. Pourhassan*, 30 F.4th 920, 924 (9th Cir. 2022) (describing "SEC filings" as "matter subject to judicial notice" when deciding motion to dismiss); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (finding SEC filings and other publicly available financial documents subject to judicial notice); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (similar); *Wynn Resorts Ltd.*, 462 F. Supp. 3d at 1117-18 (D. Nev. 2020) ("SEC filings are judicially noticeable documents which may be considered on a motion to

SNELL & WILMER
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY
SUITE 1100
LAS VEGAS, NEVADA 89169

dismiss." (citation omitted)); *In re Pivotal Sec. Litig.*, No. 19-CV-03589-CRB, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020) ("SEC filings are publicly-filed documents whose accuracy cannot reasonably be questioned and are therefore subject to judicial notice.").

Accordingly, Defendants respectfully request that the Court take judicial notice of the following documents, each of which was filed with the SEC and is a matter of public record:

1. **Exhibit 1**: BioVie's 2023 Form 10-K, filed with the SEC on August 16, 2023.

2. **Exhibit 2**: BioVie's Form 8-K, filed with the SEC on December 7, 2022, and the Investor Presentation and Letter to Shareholders attached thereto.

3. **Exhibit 14**: BioVie's Form 8-K, filed with the SEC on November 29, 2023, and the Press Release and Investor Presentation attached thereto.

4. **Exhibit 15**: BioVie's Form 8-K, filed with the SEC on October 25, 2023, and the Press Release attached thereto.

5. **Exhibit 17**: BioVie's Form 10-Q, filed with the SEC on November 8, 2023.

6. **Exhibit 19**: BioVie's Form 8-K, filed with the SEC on March 11, 2024, and the Press Release attached thereto.

7. **Exhibit 22**: BioVie's Form 10-Q, filed with the SEC on February 10, 2023.

8. **Exhibit 23**: BioVie's Form 8-K, filed with the SEC on March 23, 2023, and the Investor Presentation attached thereto.

9. **Exhibit 24**: BioVie's Form 10-Q, filed with the SEC on May 12, 2023.

10. **Exhibit 25**: BioVie's Form 8-K, filed with the SEC on September 8, 2023, and the Investor Presentation attached thereto.

11. **Exhibit 26**: BioVie's 2022 Form 10-K, filed with the SEC on September 27, 2022.

SNELL & WILMER
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY
SUITE 1100
LAS VEGAS, NEVADA 89169

SNELL & WILMER
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY
SUITE 1100
LAS VEGAS, NEVADA 89169

**B.    Press Releases, Conference Call Transcripts, and Accompanying Presentations**

Courts also routinely take judicial notice of press releases, transcripts of corporate conference calls, and any publicly available presentations that accompanied such calls. *See Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (taking judicial notice of press releases and earnings call transcripts over plaintiff's objection), *aff'd*, 994 F.3d 1102 (9th Cir. 2021); *Wochos v. Tesla, Inc.*, No. 17-cv-05828-CRB, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (taking judicial notice of "earnings conference call transcripts" as a "categor[y] of documents" that are "appropriate subjects of judicial notice"), *aff'd*, 985 F.3d 1180 (9th Cir. 2021); *Kipling v. Flex Ltd.*, No. 18-cv-02706-LHK, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020) (taking judicial notice of "transcripts from earnings calls, investor and analyst conferences, and related presentations"), *aff'd sub nom. Nat'l Elevator Indus. Pension Fund v. Flex Ltd.*, No. 21-15050, 2021 WL 6101391 (9th Cir. Dec. 21, 2021).

Accordingly, Defendants respectfully request that the Court take judicial notice of the following documents:

1.    **Exhibit 4**: Transcript of a session at Oppenheimer's 33rd Annual Healthcare Conference, held on March 15, 2023.

2.    **Exhibit 5**: Transcript of a session at the Cantor Fitzgerald Global Healthcare Conference, held on September 26, 2023.

3.    **Exhibit 6**: Transcript of BioVie's conference call, held on November 1, 2023.

4.    **Exhibit 7**: Transcript of BioVie's Key Opinion Leader Webinar, held on September 7, 2023.

5.    **Exhibit 8**: BioVie's Press Release, issued September 26, 2023.

6.    **Exhibit 11**: BioVie's Press Release, issued November 29, 2022.

7.  **Exhibit 12**: BioVie's Press Release, issued March 2, 2023.

8.  **Exhibit 13**: Transcript of BioVie conference call held on November 29, 2023.

9.  **Exhibit 14**: BioVie's Press Release and Investor Presentation, issued on November 29, 2023 (attached to Form 8-K filed with the SEC on the same date).

10.  **Exhibit 15**: BioVie's Press Release, issued on October 25, 2023 (attached to Form 8-K filed with the SEC on the same date).

11.  **Exhibit 16**: Presentation that accompanied BioVie's conference call held on November 1, 2023.

12.  **Exhibit 19**: BioVie's Press Release, issued on March 11, 2024 (attached to Form 8-K filed with the SEC on the same date).

13.  **Exhibit 23**: BioVie's Investor Presentation, issued on March 23, 2023 (attached to Form 8-K filed with the SEC on the same date).

14.  **Exhibit 25**: BioVie's Investor Presentation, issued on September 8, 2023 (attached to Form 8-K filed with the SEC on the same date).

**C.   Other Publicly Available Materials**

Finally, consideration of a number of publicly available peer-reviewed articles and other sources cited in the Motion to Dismiss is appropriate because they are publicly available information. In accordance with Federal Rule of Evidence 201, a court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment. *See In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1178 nn.3-4 (9th Cir. 2024) (in deciding a motion to dismiss a securities fraud lawsuit, court properly considered news articles and other publicly available documents to establish public knowledge). Thus, courts may, and

routinely do, take judicial notice of articles and other publicly available information when deciding motions to dismiss securities class action complaints. *Wynn Resorts Ltd.*, 462 F. Supp. 3d at 1117 (D. Nev. 2020) (considering matters of public record and news articles).

Accordingly, it is appropriate for the Court to consider the following publicly available information cited in the Motion to Dismiss:

1. **Exhibit 9**: M. Ritchie, et al., "Estimating Attrition in Mild-to-Moderate Alzheimer's Disease and Mild Cognitive Impairment Trials," *Alzheimer's Research & Therapy*, Nov. 21, 2023, *available at https://alzres.biomedcentral.com/articles/10.1186/s13195-023-01352-0.*

2. **Exhibit 10**: R. Raman et al., "Pre-Randomization Predictors of Study Discontinuation in a Preclinical Alzheimer's Disease Randomized Controlled Trial," *The Journal of Prevention of Alzheimer's Disease*, July 24, 2024, *available at https://link.springer.com/article/10.14283/jpad.2024.136.*

3. **Exhibit 18**: S. George & M. Buyse, "Data Fraud in Clinical Trials," *Clinical Investigation* (2015), *available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4340084/.*

4. **Exhibit 20**: Rehman A.M., Ferrand R., Allen E., et al., "Exclusion of enrolled participants in randomised controlled trials: what to do with ineligible participants?" *BMJ Open* (2020), *available at https://bmjopen.bmj.com/content/10/12/e039546.*

5. **Exhibit 21**: L. Yelland, et al., "Applying the intention-to-treat principle in practice: Guidance on handling randomization errors," Clinical Trials, June 1, 2015, *available at https://doi.org/10.1177/1740774515588097.*

SNELL & WILMER
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY
SUITE 1100
LAS VEGAS, NEVADA 89169

6.  ClinicalTrials.gov, "Protocol Registration Data Element Definitions for Interventional and Observational Studies," *available at https://clinicaltrials.gov/policy/protocol-definitions*.

7.  ClinicalTrials.gov, "Glossary Terms – Enrollment," *available at https://clinicaltrials.gov/study-basics/glossary*.

8.  Investment Reports, "Cuong Do, President & CEO, BioVie," February 21, 2023, *available at https://www.investmentreports.co/interview/cuong-do-president-and-ceo-biovie-583*.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider and take judicial notice of all the documents attached to the Declaration of Genevieve G. York-Erwin via Appendix volumes I through III and/or referenced above when deciding their Motion to Dismiss the Amended Complaint filed concurrently herewith.

DATED this 21st day of August, 2024.

**BAKER & HOSTETLER LLP**

BY: /s/ Genevieve G. York-Erwin

Douglas W. Greene, Esq. (admitted *pro hac vice*)
Genevieve G. York-Erwin, Esq. (admitted *pro hac vice*)
45 Rockefeller Plaza
New York, NY 10111
Telephone:    206.212.589.4200
Email:  dgreene@bakerlaw.com
          gyorkerwin@bakerlaw.com

**SNELL & WILMER, LLP**

Patrick G. Byrne, Esq.
Bradley T. Austin, Esq.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, NV  89169
Telephone:    702.784.5200
Facsimile:    702.784.5252
Email: pbyrne@swlaw.com
         baustin@swlaw.com

*Attorneys for Defendants*
*BIOVIE INC., CUONG DO, and JOSEPH PALUMBO*

13

## CERTIFICATE OF SERVICE

On August 21, 2024, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.


/s/ Cheryl Phillips
An employee of BAKER & HOSTETLER LLP

SNELL & WILMER
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY
SUITE 1100
LAS VEGAS, NEVADA 89169