**ALDRICH LAW FIRM, LTD.**
John P. Aldrich, Esq.
7866 West Sahara Avenue
Las Vegas, NV 89117
Tel: (702) 853-5490
Fax: (702) 227-1975
Email: jaldrich@johnaldrichlawfirm.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Attorneys for Lead Plaintiff*
*and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |
|---|---|
| IN RE BIOVIE INC. SECURITIES LITIGATION | Case No. 3:24-cv-00035-MMD-CSD **PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE** |

Plaintiffs respectfully submit this objection to Defendants' Request for Judicial Notice and Notice of Incorporation by Reference (ECF No. 43) ("Request" or "RJN"), filed in support of their Motion to Dismiss the Amended Complaint (ECF No. 38) ("Motion" or "Mot.").

## I.    INTRODUCTION

Defendants have improperly submitted hundreds of pages of extraneous materials to the Court in support of its Motion. In no way, shape or form is this permissible under the rules or applicable case law. Indeed, as Rule 12(d) makes explicit: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). And, according to the Ninth Circuit, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Defendants have not abided by these rules, not even by a longshot.

Defendants ask the Court to consider 26 exhibits—plus three additional materials that they do not even provide to the Court—spanning **over 600 pages**. *See* ECF Nos. 40-43.[1] Defendants' Request "is on par with this pattern of defendants burying district courts, at the earliest stage of litigation, in hundreds of pages of exhibits purportedly subject to judicial notice or incorporated by reference in the complaint but, indeed, better saved for a later stage of the case." *Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, ___ F.Supp.3d ___, 2024 WL 3708800, at *4 (D. Ariz. Aug. 7, 2024); *see*, *e.g.*, *Khoja*, 899 F.3d at 999 ("Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to

---

[1] Defendants' exhibits are attached to the Declaration of Genevieve G. York-Erwin in Support of Defendants' Motion to Dismiss. ECF No. 39. The three additional materials **not** provided to the Court are: (i) "Exhibit 27" (ClinicalTrials.gov, "Glossary Terms - Enrollment"); (ii) "Exhibit 28" (ClinicalTrials.gov, "Protocol Registration Data Element Definitions for Interventional and Observational Studies"); and (iii) "Exhibit 29" (*Investment Reports*, Feb. 21, 2023, "Cuong Do, President & CEO, BioVie"). *See* RJN at 12.

resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."); *see also Hsu v. Puma Biotechnology, Inc.*, 213 F.Supp.3d 1275, 1281-82 (C.D. Cal. 2016) (describing "practical reality" of "inappropriate efforts by defendants" in securities fraud matters to "expand courts' consideration of extrinsic evidence at the motion to dismiss stage," which "diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court").

Tellingly, the majority of Defendants' proposed exhibits appear only in their "background" section of the facts, confirming they have no purpose other than to provide a counter-factual narrative to the one alleged by Plaintiffs. *See* Mot. at 3-8 (citing Exs. 3-10 and 13-18). At the same time, Defendants withhold the two most important documents in the entire action—the December 2022 and August 2023 "for-cause" audit reports that, as alleged, provided Defendants notice of the patient fraud within the NM101 trial. "Clearly, [Defendants] [are] using [their] 'request for judicial notice … as a backdoor avenue for introducing evidence of the facts themselves.'" *Sea*, 2024 WL 3708800, at *5 (quoting *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1088 (N.D. Cal. 2017)); *see also Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").

Defendants' Request should be summarily denied or, in the alternative, allowed in extremely limited portions as detailed further below.

## II.     SUMMARY OF PLAINTIFFS' OBJECTIONS TO DEFENDANTS' REQUEST

Given the volume of Defendants' Request, Plaintiffs provide the Court with the following summary table indicating their position(s) for each exhibit:

| Exhibit | Response | Basis for Objection |
|---|---|---|
| 1 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 2 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 3 | Object in Part | Subject of incorporation by reference but consideration for the |

| | | purpose of resolving factual disputes is improper |
|---|---|---|
| 4 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, materials not in the public record, and subject to reasonable dispute |
| 5 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, materials not in the public record, and subject to reasonable dispute |
| 6 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 7 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, materials not in the public record, and subject to reasonable dispute |
| 8 | Object in Part | Defendants fail to properly identify which fact(s) are to be noticed, and notice does not extend to the truth of the matters asserted therein or any inferences drawn from them |
| 9 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed and subject to reasonable dispute |
| 10 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, not relevant to pending Motion, and subject to reasonable dispute |
| 11 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, not relevant to pending Motion, and subject to reasonable dispute |
| 12 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 13 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 14 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 15 | Object in part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 16 | Object in Part | Defendants fail to properly identify which fact(s) to be noticed, and notice does not extend to the truth of the matters asserted therein or any inferences drawn from them |
| 17 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 18 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, not relevant to pending Motion, and subject to reasonable dispute |
| 19 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, not relevant to pending Motion, and subject to reasonable dispute |
| 20 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, not relevant to pending Motion, and subject to reasonable dispute |
| 21 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, not relevant to pending Motion, and subject to reasonable dispute |

3

| 22 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
|----|----------------|-------------------------------------------------------------------------------------------------------------------|
| 23 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 24 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 25 | Object in Part | Subject of incorporation by reference but consideration for the purpose of resolving factual disputes is improper |
| 26 | Object in Part | Defendants fail to properly identify which fact(s) to be noticed, and notice does not extend to the truth of the matters asserted therein or any inferences drawn from them |
| 27 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed and subject to reasonable dispute |
| 28 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed and subject to reasonable dispute |
| 29 | Object in Full | Defendants fail to properly identify which fact(s) are to be noticed, not relevant to pending Motion, and subject to reasonable dispute |

## III.    LEGAL STANDARD

"[T]he purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide its merits." *Craig Frazier Design, Inc. v. Zimmerman Agency LLC*, 2010 WL 3790656, at *6 (N.D. Cal. Sep. 27, 2010). "Even under the [PSLRA], plaintiffs are only required to plead facts, not to produce admissible evidence." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d 1248, 1272 (N.D. Cal. 2000). As such, "[g]enerally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Khoja*, 899 F.3d at 998 (quoting Fed. R. Civ. P. 12(d)).

In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), the Supreme Court identified two limited exceptions noting, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322. Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at

4

998. The "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (finding extrinsic material properly incorporated "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). Further, incorporation is improper "if the document merely creates a defense to the well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1002.

Federal Rule of Evidence 201 permits a court to take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja*, 899 F.3d at 999. "But [generally known or] accuracy is only part of the inquiry under Rule 201(b)." *Id.* "[T]he Court may take judicial notice of matters of public record, but it 'cannot take judicial notice of disputed facts contained in such public records.'" *Poisson v. Aetna Life Ins. Co.,* 488 F.Supp.3d 942, 945 (C.D. Cal. 2020) (quoting *Khoja*, 899 F.3d at 999); *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) ("Under this standard, we could take notice only of the fact that Omnicare filed the Audit Committee Charter and what that filing said, but we could not consider the statements contained in the document for the truth of the matter asserted, even at the motion-to-dismiss stage.").

Aside from extrinsic materials that meet these limited exceptions, if the court considers documents or facts outside the four corners of the Complaint, it must convert the motion into one for summary judgment, and conversion is not appropriate unless the parties have had an opportunity to conduct reasonable discovery. *See* Fed. R. Civ. P. 12(b), 12(d), 56.

**IV.    ARGUMENT**

   **A.    Exhibits 4-5, 7, 9-11, 18-21, and 27-29 Are Not Judicially Noticeable.**

Defendants concede Exs. 4-5, 7, 9-11, 18-21, and 27-29 are not incorporated by reference in the Complaint. *See* RJN at 4-7. Rather, Defendants make the blanket assertion that the entirety of these exhibits are subject to judicial notice. *See* RJN at 7-12. These documents include BioVie press releases that pre- or post-date the Class Period (Exs. 11 and 19), transcripts not in the public

record (Exs. 4-5 and 7), and third-party publications, half of which were issued outside the Class Period (Exs. 9-10, 18, 20-21, and 27-29). For the reasons detailed below, Plaintiffs object to the Court's consideration of these exhibits and the "facts" asserted therein as none are adjudicative facts relevant or helpful to the resolution of the pending Motion. *See In re Apple Inc. Sec. Litig.,* 678 F.Supp.3d 1147, 1153 (N.D. Cal. 2023) (refusing judicial notice of extrinsic materials issued "before and after the alleged fraud, undermining plaintiff's allegations … finding these [documents] are not relevant or helpful to its analysis").

Importantly, Defendants' Request also fails to "clearly specify what fact or facts" are to be judicially noticed from the hundreds of pages contained in these exhibits. *Khoja*, 899 F.3d at 999 (remarking that "[a] [district] court must [] consider – and identify – which fact or facts it is noticing"); *see, e.g.*, *Felipe v. Playstudios Inc.,* 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024) (denying judicial notice of SEC filings because "[a]lthough these exhibits are 'matters of public record,' Defendants do not identify which fact or facts they seek to have the Court notice"). Defendants' Motion, however, reveals that the purported "facts" for which these materials are cited are all subject to reasonable dispute – and form part of fact-dependent arguments that cannot be resolved on a motion to dismiss. *See Khoja*, 899 F.3d at 1000 (finding it "improper to judicially notice a [document] when the substance of the [document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'") (quoting *Reina-Rodriguez v. U.S.*, 655 F.3d 1182, 1193 (9th Cir. 2011)).

### 1. Pre- and Post-Class Period Materials (Exs. 11 and 19)

Courts may decline to take judicial notice of documents that are not "directly related to matters at issue in the motion to dismiss." *Stern v. Charles Schwab & Co., Inc.*, 2009 WL 3352408, at *4 (D. Ariz. Oct. 16, 2009); *see also Apple*, 678 F.Supp.3d at 1153.

***First***, Defendants seek judicial notice of Ex. 11 - BioVie's press release issued November 29, 2022 – for "facts" that pre-date the Class Period to undermine the alleged evidence of patient fraud threatening the credibility and reliability of study data collected and leading to BioVie's decision to forgo the interim review by an independent study data safety monitoring board ("DSMB") and increase study enrollment. *See* Mot. at 13. Specifically, Defendants rely on Ex. 11

to claim that, because BioVie first announced its decision to increase enrollment *one week* before the Class Period and *one month* before the scheduled "for-cause" audit occurred, "no factual pleadings support" Plaintiffs' claim that Defendants misled investors by concealing known concerns of diminished study data credibility and by failing to disclose the negative reasons for needing or wanting additional data when touting the positive ones. *See id*. (citing ¶¶73, 84).[2] But nothing in Ex. 11 reveals the patient fraud that existed in NM101 or otherwise exculpates Defendants from keeping it hidden from investors at the time of the challenged statements on December 7, 2022 (¶73) and March 2, 2023 (¶84). Ultimately, Defendants' version of BioVie's disclosures only "encourages a weighing of factual disputes; a process that is improper on a motion to dismiss." *Chan v. Orthologic Corp.*, 1998 WL 1018624, at *7 (D. Ariz. Feb. 5, 1998).

***Second***, Defendants seek judicial notice of Ex. 19 – BioVie's press release issued on March 11, 2024 – for "facts" that post-date the Class Period to support the inference that they remain optimistic that NE3107 will be approved. *See* Mot. at 23. BioVie's post-Class Period announcement of plans to conduct a *new* Phase 3 trial is wholly irrelevant and unhelpful to the Court's assessment of whether Defendants knew, or at minimum recklessly disregarded, warning signs that BioVie's ongoing Phase 3 trial was at material risk of delay and/or failure. *See Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *4 (C.D. Cal. May 30, 2008) (declining judicial notice of post-class period SEC filings concluding "[a]lthough they may be matters of public record, these filings are not relevant to the instant motion"); *see also Hall v. Johnson & Johnson*, 2019 WL 7207491, at *10 (D.N.J. Dec. 27, 2019) (declining to consider public documents "typically appropriate for judicial notice" that "post-date the Class Period" because "it arguably has minimal relevance to the claims at issue"); *In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (same).

In sum, neither of these documents were issued to the market during the Class Period, and none of their contents have any actual bearing on the issues presented by Defendants' Motion. *See In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (declining judicial

---

[2] "¶_" references are to the Complaint, ECF No. 37.

notice of "two press releases outside the class period [that] are not referenced in the complaint"); *Ferreira v. Funko Inc.*, 2021 WL 8820650, at *11 (C.D. Cal. Oct. 22, 2021) (declining judicial notice of defendant company's Form 10-K "as it was issued outside the Class Period, it was not relevant to the Court's analysis"); *Di Donato v. Insys Therapeutics Inc.*, 2017 WL 3268797, at *8 (D. Ariz. Aug. 1, 2017) (declining judicial notice of the "substantive content" of outside court filings). Accordingly, judicial notice of Exhibits 11 and 19 is improper.

2.    Materials Not in the Public Record (Exs. 4-5 and 7)

Courts may decline judicial notice of a document that "is not a matter of public record." *Poisson v. Aetna Life Ins. Co.*, 488 F.Supp.3d 942, 946 (C.D. Cal. 2020); *see also Maroney v. Woodstream Corp.,* 695 F.Supp.3d 448, 454 (S.D.N.Y. 2023) (declining to take judicial notice "as it is not clear to the Court that the No Further Action Letter is a public record and Defendant provides no other reason for the consideration of the letter").

Here, Defendants seek judicial notice of three transcripts not part of the public record to present "facts" outside the Complaint. *See* RJN at 9; *see also* Mot. at 3-4 (relying on Ex. 4 – a copy of the transcript of a session at Oppenheimer's 33rd Annual Healthcare Conference held on March 15, 2023; Ex. 5 – a copy of the transcript of a session at the Cantor Fitzgerald Global Healthcare Conference held on September 26, 2023; and Ex. 7 – a copy of the transcript of BioVie's Key Opinion Leader Webinar held on September 7, 2023). These transcripts were not filed with the SEC nor are they readily accessible through other public sources. As such, these documents are not matters of public record and thus are not proper subjects of judicial notice. *See In re MGM Mirage Sec. Litig.*, 2013 WL 5435832, at *4 (D. Nev. Sept. 26, 2013) (finding "copy of the transcript of MGM's February 21, 2008 earnings call … is not a part of the public record and not judicially noticeable"); *see also Belodoff*, 2008 WL 2356699, at *4 (finding "a copy of the final transcript from Netlist's 2007 Preliminary Results Conference Call … is not a matter of public record, although it may be publicly available"); *Cf. Khoja*, 899 F.3d at 999 (finding "[a]n investor call transcript submitted to the SEC generally qualifies [as a public record]").

"Even assuming the transcript of the [conferences and webinar] [are] the type of public record of which the Court can properly take judicial notice, [] Defendants rely on the transcript[s]

8

for the disputed proposition that [positive Phase 2 results support Defendants' good faith inference that the Phase 3 trial would show similarly positive results, and that unlike its competitors, the 'strategic' design of NM101, 'call[ing] for a heterogenous population and six rather than twelve months of treatment' carried an inherent risk of missing statistically significant results (*see* Mot. at 3-4)]. That is, at best, an inference drawn from disputed facts contained within the transcript[s] and, accordingly, is not appropriately subject to judicial notice." *Cederberg v. Washington Cnty. Consol. Commc'ns Agency,* 2019 WL 2929505, at *6 (D. Or. July 8, 2019); *see also Felipe*, 2024 WL 13808002, at *6 (declining judicial notice of extrinsic materials because it "is not a publicly filed document and given Plaintiff's objections, it 'is subject to reasonable dispute'").

3.      <u>Third-Party Materials (Exs. 9-10, 18, 20-21, and 27-29)</u>

There is also no legitimate reason for the Court to take judicial notice of documents that were authored by third parties and not referenced in the Complaint. *See Weston v. DocuSign, Inc.*, 669 F.Supp.3d 849, 872 (N.D. Cal. 2023) (declining to take judicial notice of third-parties' SEC filings as they "are not relevant" to the court's analysis); *see also Tawnsaura Grp., LLC v. Threshold Enters., Ltd.*, 2012 WL 12892439, at *5 (C.D. Cal. Dec. 26, 2012) (declining to take "judicial notice of the truth of matter contained in a third-party's SEC filings"). Here, Defendants seek judicial notice of six articles (Exs. 9-10, 18, 20-21, and 29) and two webpages (Exs. 27-28) each published by a third party, to present "facts" outside of the Complaint. *See* RJN at 10-12.

***First***, Defendants rely on Exs. 9 and 10 – a November 2023 *Alzheimer's Research & Therapy* article and a July 2024 *The Journal of Prevention of Alzheimer's Disease* article (*i.e.*, published post-Class Period), respectively – to present their own set of "facts" concerning "industry standards" for probability of showing statistical significance and patient attrition to undermine Plaintiffs' well-pled allegations that BioVie's decision to forgo the DSMB's review and increase enrollment was reached for reasons other than the positive reasons touted to investors. *See* Mot. at 4, n.3. ***Second***, Defendants cherry-pick Ex. 18 – a 2015 *Clinical Investigation* article (*i.e.*, published *seven years* before the Class Period) – to undermine the materiality of the rampant and persistent patient fraud identified at Site No. 145. *See* Mot. at 8, n.5. These exhibits, however, are an impermissible attempt by Defendants to insert their "'own version of events into the

9

complaint.'" *ThermoLife Int'l LLC v. Neogenis Labs Inc.*, 2021 WL 1400818, at \*3 (D. Ariz. Apr. 14, 2021); *see also Belodoff*, 2008 WL 2356699, at \*4 (declining to take judicial notice of third parties' articles because "[t]he articles and their contents are products of the authors' own views and opinions" and therefore "are not facts capable of accurate and ready determination").

***Next***, Defendants rely on Ex. 20 – a 2020 *BMJ Open* article (*i.e.*, issued *two years* pre-Class Period); Ex. 21 – a 2015 *Clinical Trials* article (*i.e.*, issued *seven years* pre-Class Period); and the National Library of Medicine's definition of "enrollment" (Exs. 27-28), to rebut Plaintiffs' allegations that Defendants' statements concerning the "full enrollment" of target patients in NM101 created an impression of a state of affairs that differed in a material way from the one that actually existed. *See* Mot. at 11-12. The recent decision in *Spectrum*, 2024 WL 4443323, is instructive here. There, the court declined judicial notice of "[t]he National Cancer Institute's definition of 'open label study,' … particularly given defendants intend to use it to factually rebut Luo's allegations regarding defendants' access to the ZENITH20 data." *Id.* at \*5. The *Spectrum* court went on to reason that "without further context, the court cannot be certain that the National Cancer Institute is the authoritative source on the definition of an 'open label study,' or that the definition provided in exhibit 35 is considered exhaustive by the industry" and concluded that "this document and factual arguments about the nature of the trials are best left for summary judgment and perhaps illumination by an expert." *Id.*

***Last***, Defendants rely on Ex. 29 – a February 2023 *Investment Reports* article reporting on Do's appointment as CEO of BioVie – to present "facts" that are irrelevant to the Complaint and pending Motion. *See* Mot. at 20, n.12. Specifically, Defendants ask the Court to accept as true, Do's personal feelings about NE3107's "potential to transform AD treatment," to rebut Plaintiffs' well-pled scienter allegations. *Id*. This is nothing more than an impermissible attempt "to obtain notice of general and irrelevant character evidence." *Apple*, 678 F.Supp.3d at 1153 (declining judicial notice of news article that defendants claimed "disproves [CEO's] intent to defraud shareholders" as "in no way relevant to this case").

In sum, because Plaintiffs' well-pled allegations govern and contradict Defendants' version the "facts" for which they cite Exs. 9-10, 18, 20-21, and 27-29, these documents are "subject to

reasonable dispute" and cannot be judicially noticed. Fed. R. Evid. 201(b); *see Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."); *see also Hagins v. Knight-Swift Transp. Holdings Inc.*, 2023 WL 3627478, at *3 (D. Ariz. May 24, 2023) ("since Defendant urges the Court to review the documents to address factual disputes, it is inappropriate for the Court to take notice of those documents").

**B.      Consideration of Exhibits 8, 16, and 26, If Any, is Limited to Their Contents.**

Defendants concede Exs. 8, 16, and 26 are not incorporated by reference in the Complaint. *See* RJN at 4-7. Rather, Defendants contend that Ex. 8 – BioVie's Press Release issued on September 26, 2023; Ex. 16 – BioVie's investor presentation that accompanied its conference call held on November 1, 2023; and Ex. 26 – BioVie's 2022 Form 10-K filed with the SEC on September 27, 2022, are proper subjects of judicial notice. *See* RJN at 8-10.

While these documents were either publicly filed with the SEC or readily available on BioVie's website, Defendants' Request again fails to "clearly specify what fact or facts" are to be judicially noticed. *Khoja*, 899 F.3d at 999; *Felipe,* 2024 WL 1380802, at *6. Defendants' Motion, however, reveals that the purported "facts" for which these materials are cited are all subject to reasonable dispute and/or form part of fact-dependent arguments that cannot be resolved on a motion to dismiss. *See Khoja*, 899 F.3d at 1000. In particular, Defendants ask the Court to accept as true, "facts" asserted in Exs. 8 and 16 to support their counter-narrative to the well-pled allegations in the Complaint (*see* Mot. at 4, 7), and Ex. 26 to claim that the alleged misstatements concerning NM101's target completion and topline data readout were accompanied by meaningful cautionary language (*see id.* at 15) and to rebut Plaintiffs' allegations that Defendants failed to properly disclose materialized risks of noncompliance and data integrity issues (*see id.* at 17-18).

Judicial notice does not, however, extend to the truth of the matters asserted within these exhibits or any inferences drawn from them. *See Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *see also Wang v. Zymergen Inc.*,

11

_F.Supp.3d_, 2024 WL 3811844, at *5 (N.D. Cal. Aug. 14, 2024) (noticing documents filed with the SEC under the condition that "[t]his judicial notice is limited to the existence of these filings and does not extend to the accuracy of their contents"); *Sea*, 2024 WL 3708800, at *4 n.6 (same).

As such, consideration of Exs. 8, 16, and 26, if any, should be limited to acknowledging their existence and contents – but not the truth of the matters asserted therein. *See Spectrum*, 2024 WL 4443323, at *5 (finding extrinsic materials filed with the SEC during the relevant time period "an appropriate subject for judicial notice … [but] declining to consider it for the truth of the matter asserted"); *see*, *e.g.*, *Maiman v. Talbott*, 2010 WL 11421950, at *8 (C.D. Cal. Aug. 9, 2010) ("Here, while it may be appropriate to judicially notice the existence of SEC filings and their contents, judicial notice should *not* be taken of the *truth* of their contents.") (emphasis in original); *see also Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at *5 (D. Ariz. July 22, 2021) (taking judicial notice of the fact "that there was an investor call" and that the speakers made the statements included in the transcript," but "not tak[ing] judicial notice of the substance of the statements because those facts may be subject to reasonable dispute"); *In re Zillow Grp., Inc. Sec. Litig.*, 2018 WL 4735711, at *3 (W.D. Wash. Oct. 2, 2018) ("While the Court can take judicial notice of the fact that a document was filed with the SEC, and of the contents of such a filing, '[t]he truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201.'") (quoting *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008)).

C.     **Exhibits 1-3, 6, 12-15, 17, and 22-25 May Be Considered for Their Contents.**

While Defendants unnecessarily lard the record with hundreds of pages that are irrelevant to the Complaint and pending Motion, Plaintiffs do not object to the Court's consideration of Exs. 1-3, 6, 12-15, 17, and 22-25 for their contents under the doctrine of incorporation by reference as Plaintiffs have quoted or otherwise relied upon portions of these documents in the Complaint. *See Ritchie*, 342 F.3d at 908; *cf. Davis v. HSBC Bank NV, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (noting "the district court … is not required to incorporate documents by reference").

That said, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint;" otherwise, "defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise

12

cognizable claims." *Khoja*, 899 F.3d at 1002-03 (citing *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.") and *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942, n.1 (9th Cir. 2008) (finding it proper to consider disability benefits plan referenced in complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms)). "This is particularly true of public documents filed with the [SEC] in a securities fraud action—since the truth of the contents of the SEC reports is typically central to the dispute." *Maiman*, 2010 WL 11421950, at *7.

Accordingly, consideration of these exhibits for the purpose of disputing the factual accuracy of Plaintiffs' well-pled allegations is improper. *See*, *e.g.*, *Felipe*, 2024 WL 1380802, at *6 (incorporating by reference exhibits "quoted or relied on extensively within the AC or forms a necessary basis of the complaint. However, the Court will not consider the documents to resolve factual disputes against the well-pled allegations in the complaint."); *Spectrum*, 2024 WL 4443323, at *4 (same); *see also Lawson v. Klondex Mines Ltd.,* 450 F.Supp.3d 1057, 1071 (D. Nev. 2020) (taking judicial notice of press release incorporated by reference in the complaint under the condition that it "cannot assume the truth of the contents of the press release because Lawson's First Amended Complaint alleges that it contains false or misleading statements.").

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

13

## V.    CONCLUSION

For the foregoing reasons, the Court should decline consideration of Defendants' Exs. 4-5, 7, 9-11, 18-21, and 27-29 in deciding their Motion and, if inclined to consider the remainder of the extrinsic materials, do so only to the extent of noting their existence and contents, not for the truth of the matters asserted therein.

Dated: October 21, 2024                Respectfully submitted,

**ALDRICH LAW FIRM, LTD.**

/s/ *John P. Aldrich*
John P. Aldrich, Esq.
7866 West Sahara Avenue
Las Vegas, NV 89117
Tel: (702) 853-5490
Fax: (702) 227-1975
Email: jaldrich@johnaldrichlawfirm.com

*Liaison Counsel for Lead Plaintiff*
*and Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice*)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Lead Plaintiff*
*and Lead Counsel for the Class*