Patrick G. Byrne (Nevada Bar #7636)
Bradley T. Austin, Esq. (Nevada Bar #13064)
SNELL & WILMER L.L.P.
1700 S Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Tel.  702.784.5200
Fax.  702.784.5252
Email:  pbyrne@swlaw.com
         baustin@swlaw.com

Douglas W. Greene (admitted *pro hac vice*)
Genevieve G. York-Erwin (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY  10111
Telephone:  212.589.4200
Email: dgreene@bakerlaw.com
         gyorkerwin@bakerlaw.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE BIOVIE INC. SECURITIES LITIGATION | Case No. 3:24-cv-00035-MMD-CSD |
| | **DEFENDANTS BIOVIE INC., CUONG DO, AND JOSEPH PALUMBO'S ANSWER TO THE AMENDED COMPLAINT** |

Defendants BioVie Inc. ("BioVie" or the "Company"), Cuong Do ("Do"), and Dr. Joesph Palumbo ("Palumbo") (collectively, the "Defendants"), by and through their undersigned counsel, hereby answer to the Amended Complaint ("Complaint"; Dkt. #37) filed by Lead Plaintiff Dr. Anthony Rinaldi and additional named plaintiff Mark Hill (collectively "Plaintiffs").

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. Except as specifically admitted, Defendants deny the allegations in the Complaint, including without limitation the headings, subheadings, and footnotes contained within the Complaint; specifically deny any liability to Plaintiffs and any members of the putative class that Plaintiffs purport to represent; and deny that any of the claims asserted against Defendants may properly be maintained as a class action.

Defendants further respond to the specific allegations in the Complaint as follows:

1

1. Defendants admit that Paragraph 1 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 1.

2. Defendants admit that "[b]iopharmaceutical companies are relatively risky investments" and that investors generally are assumed to be familiar with publicly available materials related to the companies and industries in which they invest. To the extent the allegations in Paragraph 2 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 2.

3. Defendants admit that BioVie conducted a Phase 3 clinical trial in patients with mild to moderate probable Alzheimer's Disease ("AD") for a drug candidate referred to as "NE 3107" or "Bezisterim," and that this Phase 3 trial was referred to as "NM101." To the extent the allegations in Paragraph 3 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 3. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants admit that the allegations in Paragraph 5 appear to characterize statements contained in publicly available documents and audit reports, which speak for themselves. To the extent the allegations of Paragraph 5 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny such allegations in Paragraph 5. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 5.

6. Defendants admit that the allegations in Paragraph 6 appear to characterize statements contained in publicly available documents, including a press release and investor presentation attached to a Form 8-K filed by BioVie with the SEC on November 29, 2023, which speak for themselves, and Defendants respectfully refer the Court to those materials for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 6. To the extent the allegations of Paragraph 6 state legal conclusions, no response is required or

appropriate. To the extent a response is required, Defendants deny such allegations in Paragraph 6. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 6.

7.     Defendants deny the allegations in Paragraph 7 of the Complaint.

8.     Defendants admit that Paragraph 8 purports to describe Plaintiffs' claims. To the extent the allegations in Paragraph 8 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 8. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 8.

9.     To the extent the allegations in Paragraph 9 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 9, except admit that this Court has jurisdiction over claims properly asserted under Sections 10(b) and 20(a) of the Exchange Act pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

10.     To the extent the allegations in Paragraph 10 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 10.

11.     To the extent the allegations in Paragraph 11 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 11, except admit that venue in this District is proper.

12.     To the extent the allegations in Paragraph 12 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and, on that basis, deny them.

13.     To the extent the allegations in Paragraph 13 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

contained in Paragraph 13, and, on that basis, deny them.

14. Defendants admit that BioVie's headquarters address is 680 W. Nye Lane, Suite 201, Carson City, Nevada 89703 and that BioVie traded during the alleged class period on the Nasdaq under the symbol "BIVI." To the extent the allegations in Paragraph 14 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 14. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants admit to the extent in Paragraph 17 Plaintiffs purport to refer to Defendants Do and Palumbo collectively as the "Individual Defendants" in the Complaint.

18. To the extent the allegations of Paragraph 18 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. To the extent the allegations of Paragraph 19 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20. To the extent the allegations of Paragraph 20 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. To the extent the allegations of Paragraph 21 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants admit that the allegations in Paragraph 23 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 23 of the Complaint state legal conclusions, no response is required or

appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 23. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 23.

24.    Defendants admit that the allegations in Paragraph 24 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 24 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 24.

25.    Defendants admit that the allegations in Paragraph 25 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 25 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 25.

26.    Defendants admit that the allegations in Paragraph 26 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 26 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 26. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 26.

27.    Defendants admit that the allegations in Paragraph 27 appear to quote and characterize statements contained in publicly available documents, including the Form 10-K filed by BioVie with the SEC on September 27, 2022, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 27.

28.    Defendants admit that BioVie initiated NM101 on or about August 5, 2021. Defendants further admit that allegations in Paragraph 28 appear to quote and characterize

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

statements contained in publicly available documents, including Form 10-Ks filed by BioVie with the SEC on August 30, 2021 and September 27, 2022, respectively, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that the allegations in Paragraph 29 quote and characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations in Paragraph 29 state legal conclusions, no response is required or appropriate. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 29.

30.     Defendants admit that the allegations in Paragraph 30 quote and characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 30.

31.     Defendants admit that the allegations in Paragraph 31 quote and characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 31.

32.     Defendants admit that NM101's study protocol prespecified the option for the trial's Data Safety Monitoring Board to conduct an interim review when 50% of the 316 target enrolled patients completed the study. Defendants further admit that Paragraph 32 appears to quote and characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 32.

33.     Defendants admit that, at BioVie's request, Pitts Quality Consulting conducted an audit of NM101's Site 145, located in Cutler Bay, Florida, on or about December 28 and 29, 2022, which resulted in an audit report (the "Pitts Audit Report"). Defendants further admit that the allegations in Paragraph 33 appear to characterize statements contained in the Pitts Audit Report,

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

which speaks for itself. To the extent the allegations in Paragraph 33 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 33.

34. Defendants admit that the allegations in Paragraph 34 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 34.

35. Defendants admit that the allegations in Paragraph 35 of the Complaint characterize statements in the Pitts Audit Report, which speaks for itself, and deny any allegations in Paragraph 35 that are inconsistent with that document. To the extent the allegations in Paragraph 35 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 35.

36. Defendants admit that the allegations in Paragraph 36 of the Complaint characterize statements in the Pitts Audit Report, which speaks for itself, and deny any allegations in Paragraph 36 that are inconsistent with that document. To the extent the allegations in Paragraph 36 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 36.

37. Defendants admit that the allegations in Paragraph 37 of the Complaint appear to characterize statements in the Pitts Audit Report, which speaks for itself, and deny any allegations in Paragraph 37 that are inconsistent with that document. To the extent the allegations in Paragraph 37 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and, on that basis, deny them. To the extent the allegations in Paragraph 37 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations

contained in Paragraph 37. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 37.

38.    Defendants admit that the allegations in Paragraph 38 of the Complaint appear to characterize statements in the Pitts Audit Report, which speaks for itself, and deny any allegations in Paragraph 38 that are inconsistent with that document. To the extent the allegations in Paragraph 38 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and, on that basis, deny them. To the extent the allegations in Paragraph 38 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 38. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 38.

39.    Defendants admit that the allegations in Paragraph 39 of the Complaint appear to characterize statements in the Pitts Audit Report, which speaks for itself, and deny any allegations in Paragraph 39 that are inconsistent with that document. To the extent the allegations in Paragraph 39 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 39.

40.    Defendants admit that Cognitive Research Corporation ("CRC") was the clinical research organization ("CRO") tasked with monitoring site compliance for NM101. Defendants further admit that the allegations in Paragraph 40 of the Complaint appear to characterize statements in the Pitts Audit Report, which speaks for itself, and deny any allegations in Paragraph 40 that are inconsistent with that document. To the extent the allegations in Paragraph 40 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 40.

41.    Defendants admit that the allegations in Paragraph 41 of the Complaint appear to

Case 3:24-cv-00035-MMD-CSD    Document 49    Filed 04/10/25    Page 9 of 42

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

characterize statements in the Pitts Audit Report, which speaks for itself, and deny any allegations in Paragraph 41 that are inconsistent with that document. To the extent the allegations in Paragraph 41 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 41.

42.     Defendants admit that BioVie received the Pitts Audit Report sometime after December 29, 2022. To the extent the allegations of Paragraph 42 state legal conclusions, no response is required or appropriate. With respect to the other factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants admit that the allegations in Paragraph 44 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 44.

45.     Defendants admit that the allegations in Paragraph 45 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 45.

46.     Defendants admit that the allegations in Paragraph 46 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants admit that the allegations in Paragraph 48 appear to characterize

statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants admit that, at BioVie's request, GeoSera conducted an audit of NM101's Site 145, located in Cutler Bay, Florida, on or about August 8-9, 2023 and October 3-6, 2023, which resulted in an audit report (the "GeoSera Audit Report"). Defendants further admit that the allegations in Paragraph 50 appear to characterize statements contained in the GeoSera Audit Report, which speaks for itself, and Defendants deny any allegations in Paragraph 50 that are inconsistent with that document. To the extent the allegations in Paragraph 50 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 50.

51. Defendants admit that the allegations in Paragraph 51 of the Complaint appear to characterize statements in the GeoSera Audit Report, which speaks for itself, and deny any allegations in Paragraph 51 that are inconsistent with that document. To the extent the allegations in Paragraph 51 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and, on that basis, deny them. To the extent the allegations in Paragraph 51 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 51. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 51.

52. To the extent the allegations in Paragraph 52 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 52.

53. Defendants admit that the allegations in Paragraph 53 of the Complaint appear to

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

10

characterize statements in the GeoSera Audit Report, which speaks for itself, and deny any allegations in Paragraph 53 that are inconsistent with that document. To the extent the allegations in Paragraph 53 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and, on that basis, deny them. To the extent the allegations in Paragraph 53 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 53. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 53.

54.    Defendants admit that the allegations in Paragraph 54 of the Complaint appear to characterize statements in the GeoSera Audit Report, which speaks for itself, and deny any allegations in Paragraph 54 that are inconsistent with that document. To the extent the allegations in Paragraph 54 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and, on that basis, deny them. To the extent the allegations in Paragraph 54 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 54. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 54.

55.    Defendants admit that the allegations in Paragraph 55 of the Complaint appear to characterize statements in the GeoSera Audit Report, which speaks for itself, and deny any allegations in Paragraph 55 that are inconsistent with that document. To the extent the allegations in Paragraph 55 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 55.

56.    Defendants admit the allegations in Paragraph 56 of the Complaint.

57.    Defendants admit that Plaintiffs reference and selectively quote from a Form 10-Q filed by BioVie with the SEC on November 8, 2023, which speaks for itself. Defendants respectfully

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

refer the Court to the November 8, 2023 Form 10-Q referenced in Paragraph 57 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 57. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 57.

58.	To the extent the allegations in Paragraph 58 of the Complaint state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations contained in Paragraph 58.

59.	Defendants admit that Plaintiffs reference and selectively quote from a Form 8-K filed by BioVie with the SEC on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 Form 8-K referenced in Paragraph 59 for a complete and accurate statement of its contents. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 59.

60.	Defendants admit that Plaintiffs reference and selectively quote from the press release attached to a Form 8-K filed by BioVie with the SEC on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 press release referenced in Paragraph 60 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 60. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 60.

61.	Defendants admit that Plaintiffs reference and selectively quote from the investor presentation attached to a Form 8-K filed by BioVie with the SEC on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 investor presentation referenced in Paragraph 61 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 61. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 61.

62.	Defendants admit that Plaintiffs reference and selectively quote from the investor presentation attached to a Form 8-K filed by BioVie with the SEC on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 investor

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

presentation referenced in Paragraph 62 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 62. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 62.

63. Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call BioVie held on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 conference call transcript referenced in Paragraph 63 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 63. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 63.

64. Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call BioVie held on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 conference call transcript referenced in Paragraph 64 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 64. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 64.

65. Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call BioVie held on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 conference call transcript referenced in Paragraph 65 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 65. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 65.

66. Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call BioVie held on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 conference call transcript referenced in Paragraph 66 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 66. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 66.

67. Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call BioVie held on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 conference call transcript referenced in Paragraph 67 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 67. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 67.

68. Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call BioVie held on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 conference call transcript referenced in Paragraph 68 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 68. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 68.

69. Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call BioVie held on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 conference call transcript referenced in Paragraph 69 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 69. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 69.

70. Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call BioVie held on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 conference call transcript referenced in Paragraph 70 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 70. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 70.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and, on that basis, deny them.

72. Defendants admit the allegations in Paragraph 72 of the Complaint.

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

14

73. Defendants admit that Plaintiffs reference and selectively quote from the letter to shareholders attached to a Form 8-K filed by BioVie with the SEC on December 7, 2022, which speaks for itself. Defendants respectfully refer the Court to the December 7, 2022 letter to shareholders referenced in Paragraph 73 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 73. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 73. Defendants further note that the Court's Order dated March 27, 2025 (Dkt. #48) denying Defendants' motion to dismiss held that the Complaint's allegations were insufficient to plead falsity with respect to the statements in Paragraph 73, thus the statements in Paragraph 73 cannot form the basis for Plaintiffs' claims.

74. To the extent the allegations of Paragraph 74 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 74. Defendants further note that the Court's Order dated March 27, 2025 (Dkt. #48) denying Defendants' motion to dismiss held that the Complaint's allegations were insufficient to plead falsity with respect to the statements in Paragraph 74, thus the statements in Paragraph 74 cannot form the basis for Plaintiffs' claims.

75. Defendants admit that Plaintiffs reference and selectively quote from the letter to shareholders attached to a Form 8-K filed by BioVie with the SEC on December 7, 2022, which speaks for itself. Defendants respectfully refer the Court to the December 7, 2022 letter to shareholders referenced in Paragraph 75 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 75. To the extent the allegations in Paragraph 75 state legal conclusions, no response is required or appropriate. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 75. Defendants further note that the Court's Order dated March 27, 2025 (Dkt. #48) denying Defendants' motion to dismiss held that the Complaint's allegations were insufficient to plead falsity with respect to the statements in Paragraph 75, thus the statements in Paragraph 75 cannot form the basis for Plaintiffs' claims.

76. Defendants admit that Plaintiffs reference and selectively quote from the investor presentation attached to a Form 8-K filed by BioVie with the SEC on December 7, 2022, which

speaks for itself. Defendants respectfully refer the Court to the December 7, 2022 investor presentation referenced in Paragraph 76 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 76. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 76. Defendants further note that the Court's Order dated March 27, 2025 (Dkt. #48) denying Defendants' motion to dismiss held that the Complaint's allegations were insufficient to plead falsity with respect to the statements in Paragraph 76, thus the statements in Paragraph 76 cannot form the basis for Plaintiffs' claims.

77.     To the extent the allegations of Paragraph 77 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 77. Defendants further note that the Court's Order dated March 27, 2025 (Dkt. #48) denying Defendants' motion to dismiss held that the Complaint's allegations were insufficient to plead falsity with respect to the statements in Paragraph 77, thus the statements in Paragraph 77 cannot form the basis for Plaintiffs' claims.

78.     Defendants admit the allegations in Paragraph 78 of the Complaint.

79.     Defendants admit that Plaintiffs reference and selectively quote from the Form 10-Q filed by BioVie with the SEC on February 10, 2023, which speaks for itself. Defendants respectfully refer the Court to the February 10, 2023 Form 10-Q referenced in Paragraph 79 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 79. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 79.

80.     To the extent the allegations of Paragraph 80 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81.     To the extent the allegations of Paragraph 81 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.     Defendants admit that Plaintiffs reference and selectively quote from the Form 10-Q

filed by BioVie with the SEC on February 10, 2023, which speaks for itself. Defendants respectfully refer the Court to the February 10, 2023 Form 10-Q referenced in Paragraph 82 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 82. To the extent the allegations of Paragraph 82 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 82. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 82.

83.     To the extent the allegations of Paragraph 83 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.     Defendants admit that Plaintiffs reference and selectively quote from a press release issued by BioVie on March 2, 2023, which speaks for itself. Defendants respectfully refer the Court to the March 2, 2023 press release referenced in Paragraph 84 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 84. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 84.

85.     To the extent the allegations of Paragraph 85 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.     To the extent the allegations of Paragraph 86 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.     Defendants admit the allegations in Paragraph 87 of the Complaint.

88.     Defendants admit that Plaintiffs reference and selectively quote from the investor presentation attached to a Form 8-K filed by BioVie with the SEC on March 23, 2023, which speaks for itself. Defendants respectfully refer the Court to the March 23, 2023 investor presentation referenced in Paragraph 88 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 88. To the extent the allegations of Paragraph 88 state legal

conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 88. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 88.

89.    To the extent the allegations of Paragraph 89 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90.    To the extent the allegations of Paragraph 90 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91.    Defendants admit that Plaintiffs reference and selectively quote from the investor presentation attached to a Form 8-K filed by BioVie with the SEC on March 23, 2023, which speaks for itself. Defendants respectfully refer the Court to the March 23, 2023 investor presentation referenced in Paragraph 91 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 91. To the extent the allegations of Paragraph 91 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 91. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 91.

92.    To the extent the allegations of Paragraph 92 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

93.    Defendants admit the allegations in Paragraph 93 of the Complaint.

94.    Defendants admit that Plaintiffs reference and selectively quote from the Form 10-Q filed by BioVie with the SEC on May 12, 2023, which speaks for itself. Defendants respectfully refer the Court to the May 12, 2023 Form 10-Q referenced in Paragraph 94 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 94. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 94.

95.     To the extent the allegations of Paragraph 95 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 95.

96.     Defendants admit that Plaintiffs reference and selectively quote from a letter BioVie published to its shareholders on July 18, 2023, which speaks for itself. Defendants respectfully refer the Court to the July 18, 2023 letter referenced in Paragraph 96 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 96. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 96.

97.     To the extent the allegations of Paragraph 97 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 97.

98.     Defendants admit the allegations in Paragraph 98 of the Complaint.

99.     Defendants admit that Plaintiffs reference and selectively quote from the Form 10-K that BioVie filed with the SEC on August 16, 2023, which speaks for itself. Defendants respectfully refer the Court to the August 16, 2023 Form 10-K referenced in Paragraph 99 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 99. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 99.

100.     To the extent the allegations of Paragraph 100 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 100.

101.     To the extent the allegations of Paragraph 101 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102.     Defendants admit that Plaintiffs reference and selectively quote from the Form 10-K that BioVie filed with the SEC on August 16, 2023, which speaks for itself. Defendants respectfully refer the Court to the August 16, 2023 Form 10-K referenced in Paragraph 102 for a complete and

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

accurate statement of its contents, and deny any inconsistent allegations in Paragraph 102. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 102. Defendants further note that the Court's Order dated March 27, 2025 (Dkt. #48) denying Defendants' motion to dismiss held that the Complaint's allegations were insufficient to plead falsity with respect to the statements in Paragraph 102, thus the statements in Paragraph 102 cannot form the basis for Plaintiffs' claims.

103.    To the extent the allegations of Paragraph 103 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 103. Defendants further note that the Court's Order dated March 27, 2025 (Dkt. #48) denying Defendants' motion to dismiss held that the Complaint's allegations were insufficient to plead falsity with respect to the statements in Paragraph 103, thus the statements in Paragraph 103 cannot form the basis for Plaintiffs' claims.

104.    Defendants admit that Plaintiffs reference and selectively quote from the Form 10-K that BioVie filed with the SEC on August 16, 2023, which speaks for itself. Defendants respectfully refer the Court to the August 16, 2023 Form 10-K referenced in Paragraph 104 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 104. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 104.

105.    To the extent the allegations of Paragraph 105 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106.    Defendants admit that Plaintiffs reference and selectively quote from the Form 10-K that BioVie filed with the SEC on August 16, 2023, which speaks for itself. Defendants respectfully refer the Court to the August 16, 2023 Form 10-K referenced in Paragraph 106 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 106. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 106.

107.    To the extent the allegations of Paragraph 107 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108.    Defendants admit the allegations in Paragraph 108 of the Complaint.

109.    Defendants admit that Plaintiffs reference and selectively quote from an investor presentation attached to a Form 8-K that BioVie filed with the SEC on September 8, 2023, which speaks for itself. Defendants respectfully refer the Court to that September 8, 2023 investor presentation referenced in Paragraph 109 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 109. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 109.

110.    To the extent the allegations of Paragraph 110 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.    Defendants admit that Plaintiffs reference and selectively quote from a press release attached to a Form 8-K that BioVie filed with the SEC on October 25, 2023, which speaks for itself. Defendants respectfully refer the Court to the October 25, 2023 press release referenced in Paragraph 111 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 111. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 111.

112.    To the extent the allegations of Paragraph 112 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113.    Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call that BioVie held on November 1, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 1, 2023 conference call transcript referenced in Paragraph 113 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 113. Except to the extent expressly admitted or otherwise described herein,

Defendants deny the allegations in Paragraph 113.

114.    Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call that BioVie held on November 1, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 1, 2023 conference call transcript referenced in Paragraph 114 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 114. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 114.

115.    Defendants admit that Plaintiffs reference and selectively quote from a publicly available transcript of a conference call that BioVie held on November 1, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 1, 2023 conference call transcript referenced in Paragraph 115 for a complete statement of its contents, and deny any inconsistent allegations in Paragraph 115. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 115.

116.    To the extent the allegations of Paragraph 116 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    Defendants admit that CRC introduced BioVie to GeoSera, and that BioVie hired GeoSera to perform supplemental quality control and assurance and source data verification assessments, site audits, and other analyses with respect to NM101. Defendants further admit that Dr. Nily Osman was an employee at BioVie for parts of 2022 and 2023. To the extent the other allegations in Paragraph 118 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and, on that basis, deny them. To the extent the allegations in Paragraph 118 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 118. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 118.

22

119.    To the extent the allegations in Paragraph 119 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and, on that basis, deny them. To the extent the allegations in Paragraph 119 of the Complaint state legal conclusions, no response is required or appropriate. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 119. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 119.

120.    To the extent the allegations in Paragraph 120 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 120.

121.    To the extent the allegations in Paragraph 121 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122 of the Complaint.

123.    To the extent the allegations in Paragraph 123 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and, on that basis, deny them. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations in Paragraph 125 of the Complaint.

126.    Defendants admit that the allegations in Paragraph 126 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 126 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 126. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in

Paragraph 126.

127. Defendants admit that the allegations in Paragraph 127 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 127.

128. Defendants admit that the allegations in Paragraph 128 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 128 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 128. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 128.

129. Defendants admit that the allegations in Paragraph 129 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 129.

130. Defendants admit that the allegations in Paragraph 130 appear to characterize statements contained in publicly available documents, which speak for themselves. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 130.

131. Defendants admit that the allegations in Paragraph 131 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 131 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 131. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 131.

132. Defendants admit that the allegations in Paragraph 132 reference and selectively quote BioVie SEC filings, which speak for themselves. Defendants respectfully refer the Court to

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

the SEC filings referenced in Paragraph 132 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 132. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133 of the Complaint.

134.    Defendants admit that the allegations in Paragraph 134 appear to reference and characterize BioVie SEC filings, which speak for themselves. Defendants respectfully refer the Court to the SEC filings referenced in Paragraph 134 for a complete and accurate statement of their contents, and deny any inconsistent allegations in Paragraph 134. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 134.

135.    Defendants admit that Plaintiffs reference and selectively quote from a Form 10-Q filed by BioVie with the SEC on February 10, 2023, which speaks for itself. Defendants respectfully refer the Court to the February 10, 2023 Form 10-Q referenced in Paragraph 135 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 135. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 135.

136.    Defendants admit that Plaintiffs reference and selectively quote from a Form 10-Q filed by BioVie with the SEC on February 10, 2023, which speaks for itself. Defendants respectfully refer the Court to the February 10, 2023 Form 10-Q referenced in Paragraph 136 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 136. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

138.    To the extent the allegations of Paragraph 138 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 138.

139.    Defendants admit that Defendant Do signed each of BioVie's quarterly and annual reports filed with the SEC during the alleged class period, and admit that Defendant Do signed a

25

"Certification" pursuant to Section 302 of the Sarbanes Oxley Act of 2002 in each of those same quarterly and annual reports. Defendants further admit that the allegations in Paragraph 139 appear to characterize statements contained in publicly available documents, which speak for themselves. To the extent the allegations of Paragraph 139 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 139. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 139.

140. To the extent the allegations of Paragraph 140 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

141. To the extent the allegations of Paragraph 141 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 141.

142. To the extent the allegations of Paragraph 142 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 142.

143. Defendants admit that Plaintiffs reference and selectively quote from the Form 10-Q filed by BioVie with the SEC after market hours on November 8, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 8, 2023 Form 10-Q referenced in Paragraph 143 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 143. To the extent the allegations of Paragraph 143 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 143. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 143.

144. Defendants admit that Plaintiffs appear to reference and selectively quote from a publicly available press release issued by BioVie before market hours on November 29, 2023, which speaks for itself. Defendants respectfully refer the Court to the November 29, 2023 press release

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

26

referenced in Paragraph 144 for a complete and accurate statement of its contents, and deny any inconsistent allegations in Paragraph 144. To the extent the allegations of Paragraph 144 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 144. Except to the extent expressly admitted or otherwise described herein, Defendants deny the allegations in Paragraph 144.

145. To the extent the allegations of Paragraph 145 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 145.

146. To the extent the allegations of Paragraph 146 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 146.

147. To the extent the allegations of Paragraph 147 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148. To the extent the allegations of Paragraph 148 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 148.

149. To the extent the allegations of Paragraph 149 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 149.

150. To the extent the allegations of Paragraph 150 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 150.

151. To the extent the allegations of Paragraph 151 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152. To the extent the allegations of Paragraph 152 state legal conclusions, no response is

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 152.

153. To the extent the allegations of Paragraph 153 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 153.

154. To the extent the allegations of Paragraph 154 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 154.

155. To the extent the allegations of Paragraph 155 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 155.

156. Defendants admit that Paragraph 156 purports to describe Plaintiffs' claims. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 156.

157. To the extent the allegations of Paragraph 157 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 157. To the extent the allegations in Paragraph 157 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 157.

158. To the extent the allegations of Paragraph 158 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159. To the extent the allegations of Paragraph 159 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160. To the extent the allegations of Paragraph 160 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in

28

Paragraph 160.

161.   To the extent the allegations of Paragraph 161 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 161.

162.   Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 162.

163.   To the extent the allegations of Paragraph 163 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164.   To the extent the allegations of Paragraph 164 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 164.

165.   To the extent the allegations of Paragraph 165 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.   To the extent the allegations of Paragraph 166 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167.   To the extent the allegations of Paragraph 167 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 167.

168.   To the extent the allegations of Paragraph 168 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 168.

169.   To the extent the allegations of Paragraph 169 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in

Paragraph 169. To the extent the allegations in Paragraph 169 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 169.

170.    To the extent the allegations of Paragraph 170 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 170. To the extent the allegations in Paragraph 170 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171 of the Complaint.

172.    To the extent the allegations of Paragraph 172 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 172.

173.    To the extent the allegations of Paragraph 173 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 173. To the extent the allegations in Paragraph 173 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and, on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 173.

174.    Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that further response is required, Defendants deny the allegations in Paragraph 174.

175.    To the extent the allegations of Paragraph 175 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 175.

176.    To the extent the allegations of Paragraph 176 state legal conclusions, no response is

30

required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177. To the extent the allegations of Paragraph 177 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 177.

178. To the extent the allegations of Paragraph 178 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 178.

179. To the extent the allegations of Paragraph 179 state legal conclusions, no response is required or appropriate. To the extent a response is required, Defendants deny the allegations in Paragraph 179. To the extent the allegations in Paragraph 179 rely on factual assertions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, on that basis, deny them. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 179.

The remainder of the Complaint consists of:

(i)     Plaintiffs' introductory paragraph describing, among other things, the parties and Plaintiffs' purported "knowledge" and investigation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the introductory paragraph, and, on that basis, deny them. Except to the extent otherwise stated herein, Defendants deny the allegations in the introductory paragraph;

(ii)    Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever;

(iii)   Plaintiffs' exhibits attached thereto. Defendants lack knowledge or information to form a belief as to the truth of the allegations in the exhibits attached to the Complaint, and, on that basis, deny them. Except to the extent otherwise stated herein, Defendants deny the allegations in the exhibits attached thereto.

**DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred

in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

<b>SIXTH AFFIRMATIVE DEFENSE</b>

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

<b>SEVENTH AFFIRMATIVE DEFENSE</b>

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, would have purchased BioVie shares as they did, even with full knowledge of the facts Plaintiffs, and the class that Plaintiffs purport to represent, have now alleged were misrepresented or omitted by Defendants.

<b>EIGHTH AFFIRMATIVE DEFENSE</b>

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs' alleged injuries or the injuries of the class that Plaintiffs purport to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants.

<b>NINTH AFFIRMATIVE DEFENSE</b>

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because they cannot show transaction or loss causation.

<b>TENTH AFFIRMATIVE DEFENSE</b>

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material misrepresentations or omissions are responsible for any decline in BioVie's share value alleged to form the basis of Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent.

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiffs, and the class that Plaintiffs purport to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misrepresentations or omissions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, or the class that Plaintiffs purport to represent, sold their BioVie shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of BioVie shares.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of BioVie shares.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that form the basis of the alleged material misrepresentations and omissions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the class that Plaintiffs purport to represent, of BioVie shares.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. 240.10b5-1.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot fairly and adequately represent the class they purport to represent.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Without conceding liability, to the extent Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, seek equitable relief they are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have an adequate remedy at law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Without conceding liability, to the extent Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, seek equitable relief they are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act of 1995, the common law, or any other applicable statute, rule, or regulation.

36

SNELL & WILMER

L.L.P.

LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs, and the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

**THIRTIETH AFFIRMATIVE DEFENSE**

Some of the alleged misrepresentations described in the Complaint are "forward-looking statements" that cannot be the basis for liability by virtue of Rule 175, 17 C.F.R. § 230.175 (promulgated pursuant to the Securities Act) and/or Section 21E of the Exchange Act.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

To the extent the Complaint is based on any predictions, expressions of opinion, puffery, or forward-looking statements, Plaintiffs are barred from recovery in whole or in part by the safe harbor provisions of the Private Securities Litigations Reform Act of 1995 or the bespeaks caution doctrine.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The claims of some or all of the Plaintiffs' putative class are barred based on the doctrine of assumption of risk.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants reasonably relied on the expertise and opinions of professional experts and had no reasonable ground to have known that there were inaccuracies in any alleged material misrepresentation or omission.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a materially false or misleading statement, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (i.e., loss causation).

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (i.e., exercise of control) in the operations of the primary violator in general.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the truth and sufficiency of all statements upon which the asserted claims are based.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred

38

in whole or in part because Defendants had no duty of disclosure with respect to the alleged misrepresentations or omissions.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that they are based on alleged statements that are not attributable to Defendants.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the *Sante Fe* doctrine, which bars Section 10(b) claims for allegations that "constitute no more than internal corporate mismanagement." *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479 (1977).

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint fails to allege facts demonstrating a strong inference of scienter as required by the Private Securities Litigation Reform Act of 1995, and Plaintiffs' inability to prove any such facts, with regard to each Defendant and as to each alleged misrepresentation or omission.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the Complaint fails to state a claim against Defendants based upon "fraud-on-the-market" principles for any class members who did not trade shares between the time the alleged misrepresentations or omissions were made and the time the purported "truth" was

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135

revealed.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part based on the "truth-on-the-market" doctrine because any alleged information at issue was credibly made available to the market by other sources.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the market for BioVie's common stock was not efficient.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because there was no price impact to BioVie's publicly traded common stock resulting from any alleged misrepresentation or omission.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to prosecute their Section 10(b) and Section 20(a) claims under the Exchange Act.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by their own actions, omissions, and/or negligence.

**FIFTIETH AFFIRMATIVE DEFENSE**

The putative class period is overbroad and, therefore, the putative class cannot be certified under Rule 23 of the Federal Rules of Civil Procedure.

**ADDITIONAL DEFENSES**

Defendants presently have insufficient knowledge of information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through

40

clarification of Plaintiffs' Complaint, through discovery, or through further legal analysis of Plaintiffs' position in this litigation.

DATED this 10th day of April, 2025.

**BAKER & HOSTETLER LLP**

BY:  /s/ Genevieve G. York-Erwin
Douglas W. Greene, Esq. (admitted *pro hac vice*)
Genevieve G. York-Erwin, Esq. (admitted *pro hac vice*)
45 Rockefeller Plaza
New York, NY 10111
Telephone:206.212.589.4200
Email:  dgreene@bakerlaw.com
        gyorkerwin@bakerlaw.com

**SNELL & WILMER, LLP**

Patrick G. Byrne, Esq.
Bradley T. Austin, Esq.
1700 S Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone:702.784.5200
Facsimile:  702.784.5252
Email: pbyrne@swlaw.com
        baustin@swlaw.com

*Attorneys for Defendants*
*BIOVIE INC., CUONG DO, and JOSEPH PALUMBO*

41

## <u>CERTIFICATE OF SERVICE</u>

On April 10, 2025, I served the foregoing document on all parties appearing in this case when filing said document through the court's PACER system with automatic e-service on all persons who have registered for e-service on PACER for this case.


/s/ Cheryl A. Phillips
Cheryl A. Phillips

SNELL & WILMER
L.L.P.
LAW OFFICES
1700 S PAVILION CENTER DRIVE, SUITE 700
LAS VEGAS, NEVADA 89135