**BAKER & HOSTETLER LLP**
Douglas W. Greene, Esq. (admitted *pro hac vice*)
Genevieve G. York-Erwin, Esq. (admitted *pro hac vice*)
45 Rockefeller Plaza
New York, NY 10111
Tel: 206.212.589.4200
Email: dgreene@bakerlaw.com
    gyorkerwin@bakerlaw.com

Marissa A. Peirsol, Esq. (admitted *pro hac vice*)
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
Tel: 614.462.2656
Email: mpeirsol@bakerlaw.com

**SNELL & WILMER, LLP**
Patrick G. Byrne, Esq.
Bradley T. Austin, Esq.
1700 S Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Tel: 702.784.5200
Email: pbyrne@swlaw.com
    baustin@swlaw.com

*Attorneys for Defendants BioVie Inc.,*
*Cuong Do, and Joseph Palumbo*

**ALDRICH LAW FIRM, LTD.**
John P. Aldrich, Esq.
7866 West Sahara Avenue
Las Vegas, NV 89117
Tel: (702) 853-5490
Email: jaldrich@johnaldrichlawfirm.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton, Esq.
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Email: aapton@zlk.com

*Attorneys for Lead Plaintiff*
*and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE BIOVIE INC. SECURITIES LITIGATION | Case No.: 3:24-cv-00035-MMD-CSD<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

Lead Plaintiff Dr. Anthony Rinaldi ("Lead Plaintiff") and additional named plaintiff Mark Hill (collectively with Lead Plaintiff, "Plaintiffs") and Defendants BioVie Inc. ("BioVie"), Mr. Cuong Do, and Dr. Joseph Palumbo ("Defendants"), (collectively with Plaintiffs, the "Parties"), respectfully submit this Stipulation and [Proposed] Protective Order governing the disclosure and confidentiality of certain information that may be exchanged during the course of the litigation.

### 1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 2. **DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.3     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or discovery as "Confidential."

2.4     Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or discovery in this matter, plus any information derived directly therefrom.

2.5     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.6     House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

STIPULATED PROTECTIVE ORDER
CASE NO. 3:24-cv-00035-MMD-CSD

2.8    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.9    Party: any party to this action, including all of its officers, directors, employees (including House Counsel), consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10    Producing Party: a Party or Non-Party that produces Discovery Material in this action.

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material: any Discovery Material that is designated as "Confidential" consistent with the requirements set forth in Section 5 (DESIGNATING DISCOVERY MATERIAL) of this Stipulated Protective Order below.

2.13    Receiving Party: a Party that receives Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not apply to the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Use of Protected Material at trial, including trial testimony and transcripts which reflect or regard Protected Material, shall be governed by a separate agreement or order. Sixty (60) days prior to trial in

this matter, if it is anticipated that Protected Material will be used or disclosed through argument, presentation of evidence, demonstratives, or otherwise, Outside Counsel of Record for the Parties are to meet and confer to develop an agreed protocol for the use of such designated Protected Material. Once the trial protocol is entered as an order, Outside Counsel of Record shall give reasonable notice of the terms of the protocol to each Non-Party who is a Producing Party of Protected Material.

## 4. DURATION

4.1    Effective Date. This Stipulated Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

4.2    Stipulated Protective Order Remains in Effect. Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.3    Following the final disposition of this action, documents shall be returned or destroyed consistent with Section 14 (FINAL DISPOSITION) of this Stipulated Protective Order regarding final disposition.

## 5. DESIGNATING DISCOVERY MATERIAL

5.1    Designating Discovery Material for Protection. Any Producing Party may designate Discovery Material as "Confidential" upon making a determination that the Discovery Material may contain or constitute: (a) non-public information that may constitute or reveal a trade secret, patent, or other confidential research, development, or commercial information; (b) information that is subject to a confidentiality obligation to a Non-Party; (c) proprietary business information; (d) highly sensitive business or personal information, including medical information, investor data, financial information, or personally identifiable information ("PII"); (e) non-public business financial information; (f) "Protected Health Information" ("PHI") as that term is defined by the Health Insurance Portability

and Accountability Act of 1996 ("HIPAA") and regulations adopted thereunder, or; (g) other information protected by statute or regulation from disclosure or information the disclosure of which would result in significant competitive injury to the Producing Party's business or operations. For avoidance of doubt, PHI as that term is defined by HIPAA and regulations adopted thereunder, including 45 CFR Parts 160, 162, 164, and other applicable state and federal laws, is properly designated as "Confidential" under this Stipulated Protective Order. This Stipulated Protective Order is also intended to serve and shall be deemed a qualified protective order under 45 CFR § 164.512(3)(1)(v) and shall be construed in conformity therewith. Additionally, extracts, excerpts, summaries, compilations, analyses, derivatives, abstracts, notes, copies, electronic images or databases of information extracted from Discovery Material designated as "Confidential" shall be treated in accordance with the provisions of this Order governing confidential information and Protected Material.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     _Manner and Timing of Designations_. Designation in conformity with this Stipulated Protective Order requires:

(a) _Documents_. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall mark "Confidential" on each page that contains confidential information. Documents shall be designated prior to or at the time of the production or disclosure of the documents. Original documents or materials made available for inspection shall be deemed "Confidential" and need not be designated until after the inspecting Party has indicated which material it would like copied and produced. Documents should then be designated prior to or at the time of the production or disclosure of the documents.

(b) _Testimony_. In the case of testimony given in deposition or in other pretrial proceedings, designation of all or a portion of the transcript (including exhibits) shall be made by the Designating Party either orally on the record, before the close of the deposition, hearing, or other proceeding, all

protected testimony, or by giving written notice of such designation within 30 days after the Designating Party receives a copy of the transcript, during which the entire transcript should be treated as if designated as Confidential. In both of the foregoing instances, the Designating Party shall direct the court reporter to affix the legend "Confidential" to the first page of all designated portions of the transcript. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(c) <u>Other tangible items or information</u>. For information produced in some form other than documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Any Discovery Material that has been inadvertently produced without identification as to its confidential nature as provided in this Stipulated Protective Order, may be so designated by the Producing Party by prompt written notice to the undersigned counsel for the Receiving Party, identifying the Discovery Material as "Confidential" following the discovery that the Discovery Material has been produced without such designation. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

<div align="center">6</div>

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and in compliance with this Court's Civil Standing Order, and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall seek judicial intervention in accordance with this Court's Civil Standing Order and Local Rule 7-2 (and in compliance with Local Rule IA 10-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier. Each such motion must assert that the movant has complied with the meet-and-confer requirement imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Discovery Material shall continue to be treated consistently with their original designations unless and until the Court rules otherwise. Nothing in this Stipulated Protective Order shall conflict with the Court's power pursuant to LR 1A 10-5 to direct the unsealing of papers filed under seal.

### 7.  FILING CONFIDENTIAL MATERIALS UNDER SEAL.

7.1     Sealing of Materials. Protected Material shall, unless otherwise consented to in advance by the Producing Party, be filed with the Clerk of the Court in this matter under seal. The filing of a document under seal will comply with the requirements of LR IA 10-5(a), and LR IC 4-1(c). To the extent it is necessary for a Party to discuss the contents of any confidential information reflected in Protected Material in a written pleading, then such portion of the pleading that contains confidential information shall be filed with the Clerk of Court in this matter under seal. In such circumstances, Outside Counsel of Record shall prepare two versions of the pleading, a public version and a confidential version. The public version shall be redacted to maintain the confidentiality of Protected Material. The confidential version shall be filed under seal and served consistent with the requirements of LR IA 10-5(a), and LR IC 4-1(c). In addition to the service requirements for sealed documents outlined in LR IC 4-1(c), the Parties will serve an electronic copy of documents filed under seal on the same day of filing to the email addresses of the Outside Counsel of Record for the other Party. Parties will serve these electronic copies via encrypted file sharing if necessary for HIPAA compliance, and otherwise in accordance with the ESI Protocol.

7.2     Unsealing of Materials. If, after satisfying Section 7.1 (Sealing of Materials) of this Stipulated Protective Order, any Party or Non-Party with standing objects to the filing, under seal, of Protected Material or pleadings containing information referenced therefrom, it may object to the designation(s) and filing(s) made under seal. The procedure for unsealing these materials shall be the same as that outlined in Section 6 (CHALLENGING CONFIDENTIALITY DESIGNATIONS) of this Stipulated Protective Order.

### 8.  ACCESS TO AND USE OF PROTECTED MATERIAL

8.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. For avoidance of doubt, any person receiving Protected Material pursuant to this Stipulated Protective Order shall not reveal or discuss such information to or with any person not entitled to receive such

information under the terms hereof. Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or prohibit disclosure or use of any Protected Material by the Producing Party.

When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 (FINAL DISPOSITION) below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order, and is compliant with any other orders or statutory requirements regarding storage and maintenance of the information or items.

8.2    Disclosure of Protected Material or "Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information or items for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) witnesses who Counsel in good faith believes may be called to testify at trial or deposition in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information other than in the course of this litigation.

(h) any other person with the written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not oppose that action, and shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Stipulated Protective Order are applicable to information or items produced by a Non-Party in this action and designated as "Confidential." Such information or items produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information or items requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information or items requested; and

(3) make the information or items requested available for inspection by the Non-Party.

(c) If the Non-Party seeks a protective order, the Receiving Party shall not produce any information or items in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order or other agreement to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "Confidential" pursuant to the terms of this Stipulated Protective Order. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED PROTECTIVE ORDER
CASE NO. 3:24-cv-00035-MMD-CSD

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties incorporate their agreement regarding production of privileged or otherwise protected material that is contained in the ESI Protocol into this Stipulated Protective Order.

## 13. MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person with standing to seek a modification by the Court in the future by motion. Motions to modify this Stipulated Protective Order shall be served and filed under the Local Rules and the Court's standing orders or other relevant orders.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item in this action or any other action on any ground not addressed in this Stipulated Protective Order, including but not limited to objecting to production on the basis of admissibility, relevance, burden, trade secret protection, and/or the existence of contractual or other legal requirements to protect confidentiality. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Stipulated Protective Order.

## 14. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4.2 (Stipulated Protective Order Remains in Effect), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

STIPULATED PROTECTIVE ORDER
CASE NO. 3:24-cv-00035-MMD-CSD

copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION). Counsel shall maintain the forms signed by persons acknowledging their obligations under this Stipulated Protective Order ("Acknowledgment and Agreement to Be Bound," attached hereto as Exhibit A) for a period of one (1) year after final disposition of this action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 9, 2025                    LEVI & KORSINSKY, LLP

                                       _s/ Adam M. Apton_____
                                       Adam M. Apton
                                       33 Whitehall Street, 17th Floor
                                       New York, NY 10004
                                       Tel: (212) 363-7500
                                       Fax: (212) 363-7171
                                       Email: aapton@zlk.com

                                       *Attorneys for Lead Plaintiff and*
                                       *Lead Counsel for the Class*

                                       ALDRICH LAW FIRM, LTD.
                                       John P. Aldrich
                                       7866 West Sahara Avenue
                                       Las Vegas, NV 89117
                                       Tel: (702) 853-5490
                                       Fax: (702) 227-1975
                                       Email: jaldrich@johnaldrichlawfirm.com

                                       *Attorneys for Lead Plaintiff and*
                                       *Liaison Counsel for the Class*

Dated: July 9, 2025                    BAKER & HOSTETLER LLP

                                       _s/ Marissa A. Peirsol_____
                                       Marissa A. Peirsol
                                       200 Civic Center Drive, Suite 1200
                                       Columbus, OH 43215
                                       Tel: (614) 462.2656
                                       Email: mpeirsol@bakerlaw.com

Douglas W. Greene
Genevieve G. York-Erwin
45 Rockefeller Plaza
New York, NY 10111
Tel: (206) 566-7079
Fax: (206) 624-7317
Email: dgreene@bakerlaw.com
   gyorkerwin@bakerlaw.com

SNELL & WILMER L.L.P.
Patrick G. Byrne
Bradley T. Austin
1700 South Pavilion Center Drive, Ste 700
Las Vegas, NV 89135
Tel: (702) 784-5200
Fax: (702) 784-5252
Email: pbyrne@swlaw.com
   baustin@swlaw.com

*Attorneys for Defendants BioVie Inc.,*
*Cuong Do, and Joseph Palumbo*

**IT IS SO ORDERED.**

<div style="margin-left:auto">

—————————————————————
HON. CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE

DATED: _____

</div>

14

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by the United States District Court for the District of Nevada on _____ ____, 2025 in the case of *In Re BioVie Inc. Securities Litigation.*, No. 3:24-cv-00035-MMD-CSD. I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

STIPULATED PROTECTIVE ORDER
CASE NO. 3:24-cv-00035-MMD-CSD