## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

IN RE BIOVIE INC. SECURITIES LITIGATION,

Case No.: 3:24-cv-00035-MMD-CSD

**Order**

Re: ECF Nos. 65, 66

Before the court is Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 65 (sealed version); ECF No. 66 (unsealed version).) Defendants have opposed. (ECF No. 75 (sealed version); ECF No. 76 (unsealed version).) Plaintiffs have replied. (ECF No. 83 (sealed version); ECF No. 81 (unsealed version).)

For the reasons set forth below, the motion is granted.

## I. BACKGROUND

This is a securities fraud action brought by Plaintiffs on behalf of a putative class against Defendants Biovie, Inc. and others.

The current operative first amended complaint (ECF No. 37) alleges that in August 2021, Biovie, Inc. began a Phase 3 clinical trial of a drug to treat Alzheimer's disease. By September 2022, the trial had about 150 patients enrolled, and Biovie was preparing for a data review by the study's data safety monitoring board ("DMSB"), scheduled for late 2022. In preparing for this review, Biovie was "forced to undergo a 'for-cause' audit" at one of the trial's main sites. (ECF No. 37 at 9.) The audit, which took place on December 28 and 29, 2022, and is referred to as the "Pitts Audit," revealed significant noncompliance at the site, with an eventual recommendation that enrollment there be ceased and the site be closed. (*Id.* at 9-11.)

Before this, Biovie had on December 7, 2022, filed a report with the SEC that included a letter to shareholders and an investor presentation containing what Plaintiffs allege were the first of many false and materially misleading statements. (*See id.* at 19.) Among other things, the letter stated that the study was fully enrolled with more than 316 patients and that instead of undergoing an "interim analysis," Biovie had decided to increase enrollment to 400 for the "strongest possible data set." (*Id.* at 19-20.) Actually, Plaintiffs allege, at that point up to 80% of the enrolled patients did not meet the eligibility criteria, and the additional enrollment was not to strengthen the data but -- given the problems with enrollment -- was actually necessary to maintain the "power" of the study pursuant to the study protocol. (*Id.* at 20.)

Defendants moved to dismiss the amended complaint. (ECF No. 38.) The district court denied Defendants' motion, but in doing so, limited the extent to which Plaintiffs' claims could proceed. (ECF No. 48.) Specifically, the court held the complaint lacked sufficient particularized facts to reasonably infer that the December 7, 2022, statements were materially false or misleading. The court explained that the statements predated the Pitts Audit, and "although Plaintiffs allege in general terms that BioVie became aware of possible data concerns during its earlier DSMB review preparations, no particularized facts suggest data integrity issues significant enough to materially impact enrollment earlier than the Pitts Audit." (*Id.* at 21.)

Plaintiffs now request leave to amend their complaint to allege information obtained via discovery that they assert supports their previously dismissed claim. Defendants oppose, arguing the evidence does not show what Plaintiffs claim it shows and, thus, amendment would be futile. Defendants do not advance any other basis for denial of the motion to amend.

/ / /

/ / /

2

**II. LEGAL STANDARD**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiffs were required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) ("Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"). However, the court may exercise its discretion to deny leave to amend where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

**III. DISCUSSION**

Plaintiffs' proposed second amended complaint contains several new allegations, many of which Defendants have elected not to oppose. Defendants do, however, oppose "the amendments directed at reviving statements previously dismissed." (ECF No. 75 at 3.)

In broad terms, those amendments essentially allege that Defendants were aware of enrollment problems before they made their December 7, 2022, statements, making their representations regarding enrollment materially false and misleading. Specifically, Plaintiffs allege that according to Defendant's protocol deviation plan, they were notified of protocol deviations monthly starting in September 2022, and the evidence will show there were 58 major

protocol deviations affecting about 20% of enrolled patients between April 2022 and December 2022. Plaintiffs further allege these deviations caused Defendants to direct the clinical research organization tasked with monitoring site compliance to conduct an internal investigation, which ultimately resulted in the Pitts Audit conducted at the end of December 2022 and an enrollment hold at another site.

Defendants argue, as with the first amended complaint, that Plaintiffs' allegations do not satisfy the heightened pleading standard applicable to securities fraud actions, and thus amendment would be futile. Specifically, Defendants argue the evidence shows they were aware of -- at most -- only a few protocol deviations before making the December 7, 2022, statements, and this is not enough to suggest that BioVie was aware of "data integrity issues significant enough to materially impact enrollment" prior to the Pitts Audit. (ECF No. 75 at 8.)

There is no evidence of bad faith, undue delay, or undue prejudice if amendment is allowed.

As to futility, Plaintiffs' proposed second amended complaint adds a set of particularized allegations suggesting that Defendants possessed information before their December 7, 2022, statements that seriously called into question the viability of the trial. Defendants' argument in opposition essentially amounts to an argument about the interpretation of the evidence. Given this, it is not absolutely clear -- at this stage at least -- that amendment would be futile.

In view of the policy of liberally allowing amendments and the lack of any other factor weighing against leave to amend, the court concludes that Plaintiffs' motion should be granted.

## IV. CONCLUSION

Accordingly, Plaintiffs' motion for leave to file a second amended complaint (ECF Nos. 65, 66) is **GRANTED**. Plaintiffs shall file the proposed second amended complaint on the docket within ten days of the date of this order.

**IT IS SO ORDERED**.

Dated: June 5, 2026

_____
Craig S. Denney
United States Magistrate Judge