**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IN RE BIOVIE INC. SECURITIES
LITIGATION,

Case No.: 3:24-cv-00035-MMD-CSD

**Order**

Re: ECF Nos. 64, 67, 71, 74, 78, 82, 90

Before the court are seven motions to seal. (ECF Nos. 64, 67, 71, 74, 78, 82, 90.) The motions seek leave to file under seal: (1) the unredacted versions of Plaintiffs' motion for leave to amend, Defendants' response and Plaintiffs' reply thereto, as well as certain related exhibits (ECF Nos. 65, 75, 75-3, 75-5,[1] 83, 83-1, 83-2, 83-3, 83-4, 83-5, 83-6); (2) two exhibits attached to Plaintiffs' motion to strike confidentiality designations (ECF No. 72-2, 72-3); (3) the unredacted version of Plaintiffs' motion for class certification (ECF No. 68); (4) exhibits in support of Defendants' joinder to Plaintiffs' motion to seal (ECF No. 80); and (5) manual filings of the native version of certain of Plaintiffs' exhibits (ECF No. 91).

For the reasons that follow, the motions are granted, with some exceptions.

**I. BACKGROUND**

This is a securities fraud action brought by Plaintiffs on behalf of a putative class against Defendants Biovie, Inc. and others. In connection with Plaintiffs' motions for leave to amend their complaint, to certify the class, and to strike Defendants' confidentiality designations – all since resolved -- both parties have filed a series of motions to seal that now must be addressed.

---

[1] Defendants have withdrawn their request to seal ECF Nos. 75-2 and 75-4. (ECF No. 92 at 1 n.1.)

The motions to seal are all based upon Defendants' confidentiality designations, to which Plaintiff has strenuously objected. Having denied Plaintiffs' motion to strike without prejudice, with leave to renew if disputes remain after further meet-and-confer efforts, the scope of Defendants' confidentiality designations is likely still evolving. This means that the following order, which grants the motions to seal in large part, is provisional in nature, and may be revisited either with the filing of a motion to unseal or, if the parties agree, simply with the filing of the relevant material unsealed on the publicly available docket.

## II. STANDARD

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed,

particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

### III. DISCUSSION

The court has considered the motions, joinders, responses and replies, and concludes that compelling reasons exist to support the sealing of documents and information to the extent the Defendants have designated that material as confidential, at least until such time as those designations have been successfully challenged either by agreement of the parties or in front of this court. Defendants assert the confidential documents encompass proprietary information – either of their own or of a third party – clinical trial data, or health information that, if available publicly, could present the very possible risk of identifying persons who participated in the study. All of this, the court concludes, is properly maintained under seal.

As noted above, Defendants' confidentiality designations are the subject of an ongoing dispute. And, in fact, Defendants have already agreed to de-designate entirely, or de-designate with redactions, several materials. To the extent these materials are covered by the instant motions to seal, but Defendants no longer claim they have confidential status, Defendants shall correct the record by filing a publicly available version of the filing or exhibit they have agreed to de-designate.

A. <u>Motion to Seal (ECF No. 78) Exhibits 3-6 (ECF No. 80) in support of Joinder (ECF No. 79)</u>

Defendants' joinder (ECF No. 79) to Plaintiffs' motions to seal (ECF Nos. 64, 67) the class certification motion (ECF No. 68) and motion for leave to amend (ECF No. 65) attaches four exhibits, Exhibits 3-6. (ECF No. 80.) Exhibits 4, 5 and 6 are copies of Plaintiffs' motions for

leave to amend and for class certification and their proposed second amended complaint with Defendants' proposed redactions – significantly narrower than those of Plaintiffs -- for the public filings. Exhibit 3 is a chart comparing Plaintiffs' redactions to these documents with the more limited redactions Defendants believe necessary.

To begin, all information Defendant asserts must remain confidential in Exhibits 4, 5 and 6 is redacted. In effect, these are documents that Defendants concede may be filed publicly. There is thus no reason to maintain these exhibits under seal. Accordingly, the motion to seal Exhibits 4, 5, and 6 (ECF Nos. 80-1, 80-2, 80-3) is **DENIED**. The Clerk of Court will unseal these documents. [2]

Exhibit 3, on the other hand, is a chart that *does* contain information deemed confidential by Defendants and which the court has concluded is properly sealed. Accordingly, the motion to seal Exhibit 3 (ECF No. 80) is **GRANTED**.

B. Motions to Seal (ECF Nos. 64, 67) Motion for Leave to Amend (ECF No. 65) and Motion for Class Certification (ECF No. 68)

In their joinder, Defendants have effectively conceded that the redactions to the motion for leave to amend (ECF No. 65), second amended complaint (ECF No. 112), and motion for class certification (ECF No. 68) need not be as extensive as Plaintiffs have provided. And the court has concluded that the information Defendants seek to redact may properly remain under seal. Accordingly, the motions to seal the motion for leave to amend and motion for class certification (ECF Nos. 64, 67) are **GRANTED IN PART** to the extent they seek to file under

---

[2] Defendants have withdrawn one of their proposed redactions. (*See* ECF No. 93 at 2 n.1). However, because the court will direct Plaintiffs to re-file their pleadings with Defendants' proposed redactions, that information will become publicly available. There is therefore no reason to further complicate the docket by requiring Defendants to re-file these exhibits with the withdrawn redaction un-redacted.

seal the information designated confidential by Defendants in Exhibits 4, 5, and 6 to their joinder (as modified by ECF No. 93 at 2 n.1). In all other respects, the motions to seal are denied. Plaintiffs shall re-file the motion for leave to amend, motion for class certification, and second amended complaint with only those redactions identified by Defendants. (ECF Nos. 80-1, 80-2, 80-3, 93 at 2 n.1). These documents should be filed as "Notice[s] of Corrected Image" and be linked to Plaintiffs' original, public filings.

C. Motion to Seal Exhibits 2 & 3 to Motion to Strike Confidentiality Designations (ECF No. 71)

Exhibit 3 to Plaintiffs' motion to strike (ECF No. 72-4) is primarily a list of Plaintiffs' objections to Defendants' confidentiality designations, with short descriptors of each document. Apart from references to specific site numbers, it is unclear why the entirety of this exhibit must be sealed, as opposed to filed publicly with redactions consistent with Defendants' confidentiality concerns. Accordingly, the motion to seal ECF No. 72-4 is **DENIED IN PART**. The court will not order the Clerk to unseal ECF No. 72-4, but will direct the parties to meet and confer to determine what redactions are necessary to a public filing of the exhibit. Thereafter, Plaintiffs shall file an unsealed version with redactions, linked to their original motion.

Exhibit 2 to Plaintiffs' motion to strike (ECF No. 72-3) is 253 pages of emails, texts, and other documents created by Defendants and/or their research partners setting forth the parameters of the clinical study at issue in this case. Defendants have conceded that many of these emails and texts may be publicly filed with redactions. Accordingly, the motion to seal ECF No. 72-3 is **DENIED** to the extent Defendants' have conceded the information may be publicly filed, as set forth in ECF No. 86-3, and **GRANTED** in all other respects. Because the unsealed, redacted version of these documents is already publicly available (ECF No. 86-3), the court will not require the parties to re-file these documents on the docket.

6

D. Motion to Seal Reply and Exhibits 3-8 (ECF No. 82)

Defendants concede that Exhibit 7 can be filed publicly, with redactions. (ECF No. 95 at 5.) The court agrees that the redactions, which cover health information of a study participant, are appropriate. Accordingly, the motion to seal Exhibit 7 is **GRANTED** to the extent of Defendants' redactions but it is **DENIED** in all other respects. Defendants shall file an unsealed version of Exhibit 7 (ECF No. 83-5), with their redactions.

Exhibits 3 and 4 are summaries of protocol deviations that reveal site numbers, types of deviations, classification of the deviations, and personal health information of study participants. Exhibits 5 and 6 are the protocol deviation plans. The court concludes that compelling reasons exist to maintain each of these under seal, so the motion to seal Exhibits 3-6 is **GRANTED**.

Exhibit 8 is "Defendant's Supplemental Answers to Plaintiffs' First Interrogatories." (ECF No. 83-6.) While there is certainly material within this exhibit which would be appropriately redacted pursuant to Defendants' confidentiality designations, it is unclear why the entirety of this document should be filed under seal, as much of it does not clearly relate to any confidential material. The motion to seal Exhibit 8 is therefore **GRANTED IN PART** and **DENIED IN PART**. The parties are directed to meet and confer to determine appropriate redactions to Exhibit 8, consistent with Defendants' confidentiality objections, and to file an unsealed, redacted version of Exhibit 8 on the docket. The newly filed exhibit should be linked to Plaintiffs' reply (ECF Nos 81, 83).

D. Other Motions to Seal (ECF Nos. 74 & 90)

For the reasons already set forth in this order, the remaining motions to seal (ECF Nos. 74, 90) are **GRANTED**.

///

7

### III. CONCLUSION

In accordance with the foregoing, IT IS **ORDERED** that:

1. ECF Nos. 74 and 90 are **GRANTED**.

2. ECF No. 78 is **GRANTED** as to Exhibit 3 and **DENIED** as to Exhibits 4-6. The Clerk of Court will **UNSEAL** Exhibits 4-6 (ECF Nos. 80-1, 80-2, 80-3). ECF No. 80 will remain **SEALED**.

3. ECF Nos. 64 and 67 are **GRANTED IN PART** to the extent they seek to file under seal the information designated confidential by Defendants in Exhibits 4, 5, and 6 to their joinder. Plaintiffs shall re-file, as a Notice of Corrected Image linked the original filing, unsealed versions of their motion for leave to amend and motion for class certification, with only those redactions identified by Defendants.

4. ECF Nos. 71 and 82 are **GRANTED IN PART** and **DENIED IN PART** as set forth in this order.

5. The parties shall meet and confer on redactions to ECF No. 72-4 and ECF No. 83-6, and if they are able to agree, shall file unsealed, redacted versions of those exhibits on the docket. If the parties are unable to agree on the specific redactions, they may file an appropriate motion with the court.

6. Defendants shall file an unsealed version of ECF No. 83-5 with redactions.

**IT IS SO ORDERED**.

Dated: June 26, 2026

_____
Craig S. Denney
United States Magistrate Judge