**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE BIOVIE INC. SECURITIES LITIGATION, | Case No.: 3:24-cv-00035-MMD-CSD<br>**Order**<br>Re: ECF Nos. 122, 123 |

Plaintiffs have filed a motion to compel Defendants to supplement their responses to Plaintiff's Interrogatories 3, 4, and 5. (ECF Nos. 122, 123.) Defendants oppose. (ECF No. 125.)

Interrogatory 3 asked Defendants to "identify all audits (both internal and third-party audits), monitoring visits, or inspections conducted at" sites participating in the NM101 study. Interrogatory 4 asked Defendants to "[i]dentify each clinical trial site determined to be non-compliant with protocol or engaged in misconduct in the NM101 study, and describe the nature of the non-compliance, how and when it was discovered, and the person[s] who were informed." And Interrogatory 5 asked Defendants to identify several items of information "for each audit conducted concerning the NM101 study." (ECF No. 122-2.)

Plaintiffs argue that in responding to these interrogatories, Defendants failed to include (1) a statistical analysis done by Chris Reading in mid-2022 and (2) a review assessment conducted by BioVie's clinical research organization, CRC, in November 2022. Plaintiffs assert Defendants should be compelled to include both in their interrogatory answers.

Defendants respond that they do not consider either the Reading analysis or the CRC review assessment to be "audits, monitoring visits, or inspections," and that Plaintiff's "contrary view does not give them the right to dictate the contents of [Defendants'] verified answers or

demand the inclusion of non-responsive information." (ECF No. 125 at 2.) Defendants assert that both the Reading analysis and the CRC review assessment have been disclosed and provided to Plaintiffs by other means in this litigation, so the only purpose of compelling Defendants to include these assessments in their interrogatory answers is to gain a strategic evidentiary advantage.

Federal Rule of Civil Procedure 33(b)(3) requires that answers to interrogatories must, to the extent they are not objected to, be answered in writing and under oath, and Rule 33(c) allows answers to interrogatories to be used "to the extent allowed by the Federal Rules of Evidence." Rule 26(e) requires a party to supplement an interrogatory response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A),(B).

Interrogatories 3 and 5 asked Defendants to identify "audits," "monitoring visits," and "inspections." As described by the parties, neither the Reading analysis nor the CRC review assessment falls within any of these terms. The court notes that although Plaintiffs variously refer to either or both reviews as "audits," "investigations" and "monitoring reviews," their interrogatories did not ask for investigations or monitoring reviews; they asked for "monitoring visits" and "inspections." Further, even if it is arguable that either assessment could be classified as an "audit," Plaintiffs are free to make that argument at summary judgment and/or trial. Where Defendants have an argument to the contrary that is at least as compelling, and – most importantly -- where the relevant evidence has already been disclosed and provided to Plaintiffs, the court is not inclined to take the highly prejudicial step of requiring Defendants to admit to

something with which they do not agree and which could then be used as evidence against them.[1]

The court therefore concludes Plaintiff's motion to compel (ECF Nos. 122, 123) should be, and hereby is, DENIED.

**IT IS SO ORDERED**.

Dated: August 11, 2026

Craig S. Denney
United States Magistrate Judge

[1] Plaintiffs' argument regarding Interrogatory 4 is the same as that for Interrogatories 3 and 5 – that it sought information regarding "audits, monitoring visits, and inspections" – despite the fact the language of Interrogatory 4 contains no such references. To the extent Plaintiffs assert that the Reading analysis and CRC review should be included in response to Interrogatory 4 because they are relevant to describing "the nature of the non-compliance, how and when it was discovered, and the person(s) who were informed," the request is effectively duplicative of Defendants' supplemental answer to Interrogatory 2, which identifies both when describing "the process by which protocol violations or audit findings related to the NM101 study were identified, reported internally, and addressed, including the individuals or departments involved in such process." (ECF No. 126-1 at 8-10.)