**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IN RE BIOVIE INC. SECURITIES LITIGATION,

Case No.: 3:24-cv-00035-MMD-CSD

**Order**

Re: ECF Nos. 121, 127, 131

Before the court is Plaintiffs' motion to file its complete motion to compel under seal, required due to its reliance on material designated by Defendants as confidential. (ECF No. 121.) Defendants have responded to, and joined in, the motion. (ECF Nos. 130, 131). In addition, Defendants have moved to seal an exhibit to a declaration filed in support of its opposition to Plaintiffs' motion to compel. (ECF No. 127.) Plaintiffs have opposed (ECF No. 129), and Defendants have replied (ECF No. 132).

Both motions to seal are predicated upon Defendants' designation of certain information in their supplemental responses to Plaintiffs' interrogatories as confidential pursuant to the parties' stipulated protective order. This information includes, among other things, the site numbers of clinics involved in the trial at issue in this case as well as more specific identifying information for certain sites. As before, Plaintiffs continue to object to these confidentiality designations and ask the court to determine, in whole or in part, that neither good cause nor compelling reasons exist to continue sealing the information Defendants have designated as confidential.

A strong presumption exists in favor of the public's access to judicial records and documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 38 (Oct. 3, 2016).

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

The court has considered the parties' briefs and the information sought to be maintained under seal and concludes that compelling reasons support sealing the information. Defendants assert that release of this information would compromise pending regulatory investigations, regulatory reporting, and cause harm to the clinics that were involved in the trial study. The court agrees and is not persuaded by Plaintiffs' argument that Dr. Morse's deposition testimony justifies the release of this information. Nothing in either Dr. Morse's response nor the FDA's email on which it was based establishes that public release of this information would have no detrimental effect on any current or future regulatory investigations. The court finds the opposite is, in fact, quite likely to be true.

Accordingly, for the foregoing reasons, the parties' motions to seal (ECF Nos. 121 & 127) are **GRANTED**.

**IT IS SO ORDERED**.

Dated: August 17, 2026

Craig S. Denney
United States Magistrate Judge